J-S65026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CARLOS SATIZABAL | : | |
| | : | |
| Appellant | : | No. 825 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0707171-1999

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:　　　　　　　　　　　**FILED JANUARY 16, 2018**

Carlos Satizabal appeals *pro se* from the order entered on February 10, 2017, in the Court of Common Pleas of Philadelphia County, that dismissed as untimely, his serial petition seeking relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Satizabal seeks collateral relief from the judgment of sentence imposed on September 12, 2011, after a jury found him guilty of attempted murder, aggravated assault, possessing an instrument of crime, and two counts of recklessly endangering another person.[1]  Satizabal raises three issues, which we distill to one claim, namely, Satizabal's judgment of sentence cannot be considered final for purposes of PCRA timeliness requirements due to a breakdown in the

---

[1] 18 Pa.C.S. §§ 2502, 2702, 907, and 2705, respectively.

operation of the court, namely, the failure to docket the order denying post-sentence motions. Based upon the following, we affirm.

Previously, the Court discussed the facts of this case, as follows:

On the evening of April 8, 1999, the victim and several friends were at a recreational center playing basketball. Thereafter, as the group sat on bleachers outside the center, [Satizabal] approached them, asking if they knew someone named "Bob Kashnoski." Despite the fact that the group told them they did not know of such a person, [Satizabal] repeated the question several times. [Satizabal] left and then returned a short while later; pacing, staring at the group and again asking whether they knew someone named "Bob Kashnoski." The victim told [Satizabal] they didn't know the individual [Satizabal] was looking for, they didn't want any trouble and that [Satizabal] should leave. [Satizabal] responded by exclaiming several times, "I'll beat your ass!" and then pulled out a gun and shot the victim at close range in the groin. As the victim and his friends fled, [Satizabal] shot at the victim twice more.

**Commonwealth v. Satizabal**, 816 A.2d 334 (Pa. Super. 2002) (unpublished memorandum).

As stated above, a jury found Satizabal guilty of attempted murder, aggravated assault, and related crimes, and the trial court imposed a 20-to-40 year sentence of imprisonment. On direct appeal, this Court affirmed the judgment of sentence on November 4, 2002. **See Satizabal, supra**. No further review was sought.

On February 26, 2003, Satizabal filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition on August 7, 2003. Following the issuance of Pa.R.A.P. 907 notice of intent to dismiss on April 27, 2004, the PCRA court dismissed the petition on June 29, 2004. Satizabal filed an appeal

on August 31, 2004, and this Court quashed the appeal as untimely. **See Commonwealth v. Satizabal**, 883 A.2d 694 (Pa. Super. 2005), *appeal denied*, 897 A.2d 455 (Pa. 2006).

On March 28, 2011, Satizabal filed a second *pro se* PCRA petition. On October 31, 2011, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On May 17, 2012, an amended PCRA petition was filed, and a supplemental amended PCRA petition was filed on June 28, 2012. The PCRA court denied the PCRA petition as untimely on August 6, 2012.

On May 17, 2013, Satizabal filed a motion to vacate illegal sentence, which was treated as a counseled PCRA petition. On June 27, 2014, the PCRA court issued Rule 907 notice, and the petition was dismissed on July 10, 2014.

On November 23, 2015, Satizabal filed a *pro se* PCRA petition. The PCRA court issued Rule 907 notice on July 13, 2016, and on August 23, 2016, dismissed Satizabal's PCRA petition.

In the mean time, on August 15, 2016, Satizabal filed a petition for writ of *habeas corpus*. On November 10, 2016, Satizabal filed a petition to supplement his *habeas* petition. On January 10, 2017, the PCRA court issued a Rule 907 notice, indicating the court would treat Satizabal's *habeas* petition as a PCRA petition. The PCRA court formally dismissed the petition on February 10, 2017. This timely appeal followed.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its

conclusions of law are free from legal error." ***Commonwealth v. Cox***, 146 A.3d 221, 226 (Pa. 2016).

The PCRA time limits are jurisdictional. As the Pennsylvania Supreme Court explained in ***Cox, supra***:

> The PCRA requires that a petition seeking relief thereunder must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Jones***, 617 Pa. 587, 54 A.3d 14, 16 (Pa. 2012). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545[(b)(3)]. This timeliness requirement is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petition was timely filed or the petitioner proves that one of the three exceptions to the timeliness requirement applies. ***Jones***, 54 A.3d at 16. These exceptions are:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

146 A.3d at 227.

Here, there is no question that Satizabal's petition is facially untimely.[2] However, Satizabal does not attempt to assert any of the statutory exceptions to the PCRA time bar. Rather, he contends that the order denying his post-sentence motion was never entered on the docket and, therefore, this Court did not have jurisdiction to issue an order affirming the judgment of sentence. **See** Satizabal's Brief at 10. He asserts that without the order entered on the docket, the "judgment of sentence cannot be considered final, and the expiration of time for seeking [d]irect [r]eview has not legally ended." **Id.** He further argues that "because his [j]udgment of [s]entence has not legally ended," … the PCRA [c]ourt cannot have [j]urisdiction," and "[f]rom [Satizabal's] first PCRA 2/26/03 to the present PCRA should have been considered premature and all of the Orders that followed must be considered a nullity." **Id.** at 11.[3] Satizabal concludes that the denial of his post-sentence motion was not appealable because it was not entered on the docket. **Id.** at 13. Therefore, he posits "[Satizabal's] Direct/PCRA review was illegal and a

_____

[2] This Court affirmed Satizabal's judgment of sentence on November 4, 2002. Thereafter, Satizabal's judgment of sentence became final on December 4, 2002, when he did not file a petition for review in the Pennsylvania Supreme Court within the 30-day filing period. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Thereafter, he had one year, or until December 4, 2003, to file timely petition. **See** 42 Pa.C.S. § 9545(b)(1). The present petition was filed on August 15, 2016, more than 13 years after his judgment of sentence became final.

[3] Satizabal also claims that "[t]he order denying [his] first PCRA [petition] was also never entered into the docket[] as well, because of that, the Superior Court's 7/29/05 [o]rder to [q]uash [Satizabal's] first PCRA [appeal] as untimely was an error." **Id.** at 11-12.

[n]ullity, and [Satizabal] must be able to re-file once the Order is entered into the docket." *Id.* at 14.

Satizabal's arguments warrant no relief. First, Satizabal failed to present the above claims in his PCRA petition and therefore these claims are waived. **See *Commonwealth v. Reid***, 99 A.3d 470, 494 (Pa. 2014) (finding claim never raised in any PCRA petition, and raised for first time in supplemental P.R.A.P. 1925(b) statement waived). Even if his arguments were not waived, Satizabal has failed to invoke any statutory exception to the PCRA time-bar in making these claims. **See *Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) ("[Section] 9545 clearly dictates the PCRA court had no jurisdiction to entertain the instant petition unless appellant pled and proved one of the three statutory exceptions."). Moreover, the PCRA confers no authority upon the courts to fashion *ad hoc* equitable exceptions to the PCRA. **See *Commonwealth v. Robinson***, 139 A.3d 178, 187 (Pa. 2016) (This Court has no authority to carve out equitable exceptions to [the PCRA] statutory provisions[.]".) Therefore, Satizabal's petition fails to overcome the PCRA's timeliness requirements.

Accordingly, we affirm the order of the PCRA court that dismissed Satizabal's petition as untimely.[4]

---

[4] In any event, Satizabal's substantive argument is meritless. The certified record reflects Satizabal's post-sentence motions were denied on September

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/18

---

19, 2001, and the notice of appeal "from the judgment of sentence entered on the 12th of September, 2001, and the denial of Post Trial Motions on the 19th day of September, 2001," was filed on October 15, 2001. Notice of Appeal, 10/15/2001. **See** Orders, 9/19/2001. **See also** 2840 EDA 2001 (Superior Court docket). Even if the order denying Satizabal's post-sentence motion was not entered on the trial court docket, Satizabal apparently received the September 19, 2001 order, because he filed his appeal less than thirty days later. As such, the absence of the order from the docket entries does not affect this Court's jurisdiction of Satizabal's direct appeal. **See Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa. Super. 2015) (stating that "[w]e will regard as done that which ought to have been done"; treating appeal timely despite clerk of courts' failure to inscribe date of service on docket); **Commonwealth v. Howard**, 659 A.2d 1018, 1021 n.12 (Pa. Super. 1995) (accepting notice of appeal despite clerk of court's failure to enter appealable order).