J-S44002-15

2015 PA Super 182

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GENE DONTA CARTER | |
| Appellant | Nos. 489 WDA 2014 |

Appeal from the Judgment of Sentence February 26, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000245-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GENE DONTA CARTER | |
| Appellant | Nos. 918 WDA 2014 |

Appeal from the Order May 5, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000245-2011

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

OPINION BY JENKINS, J.:                        **FILED September 1, 2015**

A jury found Gene Donta Carter guilty of sixteen counts of delivery of a controlled substance,[1] two counts of possession with intent to deliver a

_____

[1] 35 P.S. § 780-113(a)(30).

1

controlled substance,[2] and one count each of criminal conspiracy,[3] criminal use of communication facility,[4] and dealing in proceeds of unlawful activity.[5] The trial court imposed an aggregate sentence of 104½ - 215 years' imprisonment, including sixteen mandatory minimum sentences for sales of cocaine and heroin under 18 Pa.C.S. § 7508.[6]  In this direct appeal, Carter contends, *inter alia*, that (1) the trial court violated his Sixth Amendment rights by denying his request to have an attorney from court-appointed counsel's office participate as co-counsel during trial; and (2) his sentence is unconstitutional under **Alleyne v. United States**, -- U.S. --, 133 S.Ct. 2151 (2013).  We affirm Carter's convictions, but we vacate his sentence and remand for resentencing.

This case arose from an investigation by the Office of Attorney General which revealed that co-defendant Michael Serrano, a Philadelphia source, provided drugs to Carter, who sold them in Blair County between September 2009 and April 2010.  Following a four-day trial, the jury convicted Carter of

_____

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 903.

[4] 18 Pa.C.S. § 7512(a).

[5] 18 Pa.C.S. § 5111(a)(1).

[6] The specific subsections under which the court sentenced Carter were section 7508 (a)(3)(i) and (ii) (cocaine) and section 7508 (7)(i) and (iii) (heroin).

the aforementioned offenses, and on January 12, 2013, the court imposed sentence. The trial judge subsequently passed away.

Post-sentencing and appellate proceedings have been protracted. On January 23, 2013, Carter filed timely post-sentence motions, but the court did not hold a hearing until August 22, 2013. On November 22, 2013, Carter filed a *pro se* motion seeking a copy of the audio recording of his trial.

On February 26, 2014, the court entered an order denying Carter's post-sentence motions. On March 25, 2014, Carter filed a notice of appeal from this order at 489 WDA 2014.

On May 5, 2014, the court denied Carter's motion for a copy of the audio recording of trial. On the same date, the court ordered Carter to file a Pa.R.A.P. 1925(b) statement relating to his appeal at 489 WDA 2014. Through counsel, Carter filed a timely Pa.R.A.P. 1925(b) statement on May 23, 2014, but the court never issued a Pa.R.A.P. 1925(a) opinion.

On May 28, 2014, Carter appealed at 918 WDA 2014 from the May 5, 2014 order denying his motion for a copy of the audio recording at trial. The court did not order Carter to file a Pa.R.A.P. 1925(b) statement in connection with this appeal.

Before proceeding to Carter's arguments on appeal, we must examine whether both appeals are timely. Due to multiple errors by the Clerk of Court below, and through no fault of Carter, Carter's appeal periods technically have never begun running. Nevertheless, we will treat both appeals as timely filed.

To explain, we begin by summarizing the relevant rules of post-sentence procedure. With one exception not relevant here, trial courts must decide post-sentence motions within 120 days after the filing of the motion. Pa.R.Crim.P. 720(B)(3)(a). If the trial court fails to decide the motion within 120 days, the motion "shall be deemed denied by operation of law," *id*., and "the clerk of courts shall forthwith enter an order on behalf of the court, and, as provided in [Pa.R.Crim.P. 114], forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c). Rule 114 provides in turn that docket entries shall contain: "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The date of entry of an order denying post-sentence motions, and the date the appeal period begins to run, "shall be the day the clerk of the court…mails or delivers copies of the order to the parties." Pa.R.A.P. 108(a)(1), (d)(2).

We now apply these rules to Carter's direct appeal at 489 WDA 2014. Carter filed post-sentence motions on January 23, 2013, but the Clerk did not enter an order denying his motions until February 26, 2014. Under Pa.R.Crim.P. 720(B)(3)(a), Carter's post-sentence motions should have been denied by operation of law on May 23, 2013, and on that date, the Clerk

- 4 -

should have served the order on Carter and noted the date of service on the docket, thereby triggering Carter's appeal period. The Clerk failed to carry out these steps. Consequently, the appeal period did not begin running on May 23, 2013.

Nor did the appeal period at 489 WDA 2014 begin running on February 26, 2014, the date the Clerk docketed the order denying post-sentence motions. Although the Clerk certified on the back of the order that it served the order on all parties, it failed to state the date of service on the docket. **See** Pa.R.Crim.P. 114(C)(2)(c) (docket entries "shall contain" the "date of service of the order"); Pa.R.A.P. 108(a)(1), (d)(1) (appeal period only begins running on the date the Clerk "mails or delivers copies of the order to the parties").

Despite the Clerk's failure to note service on the docket, Carter obviously received the February 26, 2014 order, because he filed his appeal on March 25, 2014, less than thirty days later. Accordingly, "[we] will regard as done that which ought to have been done" and treat the appeal at 489 WDA 2014 as timely, i.e., treat this appeal as if the Clerk inscribed the date of service on the docket on February 26, 2014. **Commonwealth v. Howard**, 659 A.2d 1018, 1021 n. 12 (Pa.Super.1995) (Clerk of Court failed to enter order denying post-sentence motions by operation of law on July 13, 1994, 120 days after defendant filed post-sentence motions, but defendant filed notice of appeal within 30 days after July 13th; held that "we

shall regard as done that which ought to have been done and proceed to review the defendant's claims").

Similarly, the appeal period for Carter's appeal at 918 WDA 2014 has never begun running. Although the Clerk certified on the back of the May 5, 2014 order denying Carter's motion for a copy of the audio recording of trial that it served the order on all parties, the Clerk again failed to state the date of service on the docket. Carter, however, obviously received the May 5, 2014 order, because he appealed it on May 28, 2014, less than thirty days later. Therefore, once again, "we will regard as done that which should have been done" and treat the appeal at 918 WDA 2014 as timely. ***Howard***, ***supra***.

Having found both appeals timely, we consolidate them *sua sponte* pursuant to Pa.R.A.P. 513.

Carter raises four issues in this appeal, which we have re-ordered for the sake of convenience:

> Whether the [trial] [c]ourt erred and abused its discretion by refusing to allow [Carter's] second-chair attorney to participate in his trial?

> Whether the trial court committed an error of law and abused its discretion when it denied [Carter's] request to obtain a copy of the recording of his jury trial?

> Whether the trial court imposed an illegal sentence in imposing mandatory minimum sentences in violation of the holding in [***Alleyne***]?

- 6 -

Whether the trial court imposed a manifestly unreasonable, excessive, and harsh sentence in imposing consecutive sentences clearly calculated to be a *de facto* life sentence?

We first consider Carter's argument that the trial court abused its discretion by refusing to permit his second-chair attorney, Eric Rutkowski, Esquire, to cross-examine several witnesses during trial. Carter's first-chair attorney, Scott Pletcher, Esquire, was court-appointed. Mr. Rutkowski was another attorney at Mr. Pletcher's office.

The right to counsel is guaranteed under both the Sixth Amendment and Article I, § 9 of the Pennsylvania Constitution, and erroneous preclusion of the defendant's lone attorney is a constitutional violation that is not subject to harmless error review. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006). Appointment of additional counsel, on the other hand,

> is not a matter of right; it is a request addressed to the discretion of the trial court. A trial court possesses broad discretionary powers, necessary to effectively dispose of the multitude of issues that require its attention within the arena of litigation … An appellate court will not reverse a discretionary ruling of a trial court absent an abuse of that discretion.

*Commonwealth v. Champney*, 832 A.2d 413 (Pa.2003). "The mere fact that the accused and/or his counsel would **prefer** multiple lawyers in no way proves an abuse of discretion in denying multiple representation." *Id*. (emphasis in original).

The trial court acted within its discretion by denying Carter's request for second-chair counsel. Carter failed to file any pre-trial motion seeking

the appointment of second-chair counsel. N.T., 10/24/11, at 7-8. Moreover, Carter was on trial with co-defendant Michael Serrano, and the trial court explained that each party in the case, including the Commonwealth, was limited to one attorney. *Id*. at 39-40. Finally, Carter fails to identify any prejudice resulting from Mr. Rutkowski's exclusion.

In his second argument, Carter asserts that the trial court abused its discretion by denying his request for a copy of the audio recording of trial. According to Carter, the trial transcript has been "intentionally altered," and "there are at least twenty instances of missing or altered testimony." Brief For Appellant, p. 18. Carter has waived this issue by failing to identify any part of the transcript in which testimony is omitted or altered. *See Commonwealth v. Fransen*, 42 A.3d 1100, 1116 n. 14 (Pa.Super.2012), (claim of trial court error relative to jury instruction waived for failure to cite place in certified record where instruction requested); *Commonwealth v. Eline*, 940 A.2d 421, 434 (Pa.Super.2007) (claims of error relative to denial of continuance and jury charge waived where defendant failed to indicate where in record he requested continuance and preserved jury charge objection).

In his third argument, Carter contends that his sentence is unconstitutional under *Alleyne*. We agree. *Alleyne* held that "facts that increase mandatory minimum sentences must be submitted to a jury" and must be found "beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2163.

Moreover, this Court has held that 18 Pa.C.S. § 7508, in its entirety, is unconstitutional. **Commonwealth v. Cardwell**, 105 A.3d 748, 755 (Pa.Super.2014); **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super.2014) (*en banc*); **see also Commonwealth v. Hopkins**, -- A.3d --, 2015 WL 3949099 (Pa., June 15, 2015) (18 Pa.C.S. § 6317, which requires imposition of mandatory minimum sentence if certain controlled substance crimes occur within 1,000 feet of, *inter alia*, a school, held unconstitutional; statute was inconsistent with **Alleyne** because it required sentencing court to impose mandatory minimum sentence based on facts which were not submitted to jury and not found beyond reasonable doubt).

The trial court imposed mandatory minimum sentences under section 7508 on sixteen of Carter's twenty-one convictions. Brief For Commonwealth, at 27-28. Because the court's reliance on section 7508 was error, and because *vacatur* of his mandatory minimum sentences may affect the entire sentencing scheme, we must vacate Carter's entire sentence and remand for resentencing on all counts. **See Commonwealth v. Ferguson**, 107 A.3d 206, 213-14, 216 (Pa.Super.2015) (vacating entire sentence pursuant to **Alleyne** and remanding for resentencing on all counts, where sentence encompassed both counts subject to mandatory minimum sentencing provisions and counts not subject to mandatory minimum sentencing provisions).

In Carter's fourth argument, he contends that his sentence was manifestly unreasonable and excessive. Because we are vacating his entire sentence and remanding for resentencing, this argument is moot.

Appeals at 489 WDA 2014 and 918 WDA 2014 consolidated. Convictions affirmed. Case remanded for resentencing on all convictions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/2015