J-S55018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MITCHELL EUGENE EDWARDS | |
| Appellant | No. 499 MDA 2017 |

Appeal from the PCRA Order February 14, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-MD-1200718-1983

BEFORE: DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY RANSOM, J.: **FILED OCTOBER 18, 2017**

Appellant, Mitchell Eugene Edwards, purports to appeal from the order

entered February 14, 2017,[1] denying his application to amend his petition filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's appeal is facially untimely, as it was filed on March 17, 2017, more than thirty days after the order was issued. **See** Pa.R.A.P. 903. However, Appellant's notice of appeal contains an averment that it was given to prison authorities on March 2, 2017. A *pro se* prisoner's petition for review must be considered filed for purposes of Pa.R.A.P. 903 when the appeal is deposited with prison officials or placed in the prison mailbox. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997); **see also Smith v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278, 279-281 (Pa. 1996). Giving Appellant the benefit of the doubt, his appeal is timely.

pursuant to Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. As we do not have jurisdiction to hear the instant appeal, we quash.[2]

A prior panel of this Court outlined the procedural history of this case as follows:

> On November 25, 1983, [Appellant] was convicted of second-degree murder, and thereafter sentenced to life imprisonment. [Appellant] filed a direct appeal, and in 1986, this Court vacated his judgment of sentence and remanded for a hearing on his ineffectiveness claims. The claims ultimately were denied, and in 1987, [Appellant] was re-sentenced to life imprisonment. On October 27, 1988, this Court affirmed his judgment of sentence, and on April 27, 1989, our Supreme Court denied allowance of appeal.

*See Commonwealth v. Edwards*, 938 A.2d 1112 (Pa. Super. 2007) (unpublished memorandum). Since then, Appellant has filed serial petitions seeking collateral relief.

The most recent petition was *pro se* filed June 3, 2016. In it, Appellant argued he was entitled to relief from his mandatory minimum sentence of life imprisonment under *Miller v. Alabama*.[3] *See* PCRA Petition, 6/3/16, at 4-5. Appellant acknowledged that although he was not a juvenile at the time of his crime, he was still entitled to a new trial as his cognitive development was not complete. *Id.*

---

[2] We first note that this is not an appealable order; an order denying an application to amend a PCRA petition is not a final order and, accordingly, subject to quashal. *See* Pa.R.A.P. 341(c).

[3] *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

On October 4, 2016, the court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing as it was untimely filed. However, a subsequent review of the docket and certified record does not convince us that the petition was actually denied. The docket reflects that the petition was denied November 7, 2016. However, this order is not contained within the certified record.[4] Further, the docket does not contain an indication that Rule 114 notice was sent to Appellant.[5] Subsequent orders issued by the trial court are unclear regarding dates, and do not deny the PCRA petition itself, but instead, Appellant's applications for leave to amend.

Appellant filed a notice of appeal on March 17, 2017. However, where no final order has been entered, we do not have jurisdiction to hear the appeal. *See* 42 Pa.C.S. § 742; Pa.R.Crim.P. 1510; Pa.R.A.P. 341.

---

[4] On remittal, the court should correct the record.

[5] Pa.R.Crim.P. 114 directs the prothonotary's office to promptly enter orders on the docket and serve written notice to the defendant or his attorney. *See Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa. Super. 2015). The appeal period does not begin to run until the date of service is entered on the docket. *Id.*

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2017