J-S59011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HERBERT BROWN, | |
| Appellant | No. 3434 EDA 2015 |

Appeal from the PCRA Order Entered October 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0510951-2006

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED DECEMBER 08, 2017**

Appellant, Herbert Brown,[1] appeals *pro se* from the October 20, 2015 order from the Court of Common Pleas of Philadelphia County, which dismissed, as untimely, his second petition for collateral relief under the Post

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On November 20, 2017, Appellant petitioned this Court to order the Commonwealth to use his full name, Herbert Dee Brown, Jr., on all future correspondence and service, "per PA-D.O.C. mailroom dept.'s policy[,]" as he is representing himself in the current appeal.  Petition, 1/20/17, at 1.  A quick review of the D.O.C.'s website indicates that there are at least three inmates currently serving time in Pennsylvania prisons other than Appellant, all with the name "Herbert Brown."  Only one inmate, Appellant, is listed under the name, "Herbert Dee Brown, Jr.," as verified by linking that name to the D.O.C. inmate number provided with Appellant's previous filings in this Court.  Accordingly, we hereby grant Appellant's petition and instruct the Commonwealth to use Appellant's full name when providing him service of any filed documents or other correspondence in this case.

Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

On November 7, 2004[,] [Appellant] was arrested by Philadelphia police and charged with possession of a controlled substance with intent to deliver and related offenses. On August 22, 2007, [Appellant] pled guilty to possession with intent to deliver. *See* CP-51-CR-0510951-2006 at 3. On August 22, 2007, [Appellant] was … sentenced before the Honorable Senior Judge Earl W. Trent to three (3) to six (6) years['] incarceration in a state correctional institute followed by 5 years of probation. *Id.*

On April 24, 2008, [Appellant] filed for relief under the PCRA *pro se*. *See* CP-51-CR-0510951-2006 at 8. On January 12, 2009 and January 16, 2009, [t]he PCRA [c]ourt denied [Appellant]'s first petition after an evidentiary hearing. *Id.* at 8. [Appellant] then appealed to the Superior Court for further review of his first PCRA petition. *Id.* at 9.

On December 12, 2014, [Appellant] filed his second *pro se* petition ("the Petition") for relief under the PCRA. *See* CP-51-CR-0510951-2006 at 13. Attorney John P. Cotter was appointed to represent [Appellant] in this PCRA matter. On July 31, 2015, Mr. Cotter submitted a *Finley*[2] Letter to this [c]ourt in which he concluded that [Appellant]'s claims were without merit. *Finley* Letter at 1, 2. On September 10, 2015, this [c]ourt signed notice of dismissal pursuant to [Pa.R.Crim.P.] 907 after determining that [Appellant] was not entitled to post conviction relief. *See* CP-51-CR-0510951-2006 at 13. On September 26, 2015 and September 30, 2015, [Appellant] filed *pro se* responses to the … Rule 907 Dismissal Notice. On September 30, 2015, [Appellant] also filed a *pro se* Opposition/Response to the *Finley* Letter. On October 20, 2015, the [PCRA court] dismissed [Appellant]'s petition regarding the *Finley* Letter and the PCRA in its entirety following a hearing.

---

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

PCRA Court Opinion, 12/6/16, at 1-2.  In the PCRA court's October 20, 2015 order, the court also permitted Attorney Cotter leave to withdraw pursuant to *Finley*.

Appellant filed a timely *pro se* notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement.  The PCRA court issued its Rule 1925(a) opinion on December 6, 2016.  Appellant now presents the following questions for our review, *verbatim*:

> 1) Where a lower court improperly dismissed defendant/appellant's P.C.R.A's newly-discovered–evidence supplement petition', where his claim is a time-bar exception?
>
> 2) Where a lower court sentenced an appellant pursuant to a commonwealth request to sentence to the mandatory minimum by statute, is such a sentence proper in light of *Alleyne v. United States*, 133 s. ct. 2151 (2013)?
>
> 3) Where a lower court sentences an appellant pursuant to a commonwealth request to the mandatory minimum is such a statute constitutional in light of *Commonwealth v. Hopkins*, 98 map 2015 (June 15th, 2015)?

Appellant's Substitute Brief at 3 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).  We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  *Commonwealth v. Bennett*, 930 A.2d

- 3 -

1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The trial court imposed Appellant's judgment of sentence on August 22, 2007, and he apparently did not seek a direct appeal from that decision. The instant PCRA petition, Appellant's second, was filed on December 12, 2014. Appellant's PCRA petition is, therefore, patently untimely. *See* 42

Pa.C.S. § 9545(b)(1). Accordingly, we cannot address the merits of Appellant's PCRA petition unless he meets one of the enumerated statutory exceptions to the PCRA's time bar set forth in Sections 9545(b)(1)(i)-(iii). Appellant alleges that he meets either the newly-discovered-evidence exception (Section 9545(b)(1)(ii)) or the retroactive-constitutional-right exception (Section 9545(b)(1)(iii)). Appellant's Substitute Brief at 5. For the reasons that follow, we conclude that Appellant fails to meet both exceptions.

Although Appellant ostensibly raises two separate exceptions to the PCRA's time bar, upon further examination of the arguments presented in his brief (Appellant's Substitute Brief at 6-11), it is clear that Appellant is only raising a claim which potentially falls under the retroactive-constitutional-right exception. This is because the alleged newly-discovered evidence at issue is the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), and decisions of Pennsylvania courts implementing *Alleyne* to render unconstitutional various mandatory minimum sentencing statutes. Accordingly, we will only address Appellant's claims under the framework of the retroactive constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii).

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by

- 5 -

that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501 (Pa. 2002).

It is true that the mandatory-minimum sentencing statute under which Appellant was sentenced has subsequently been held to be unconstitutional pursuant to ***Alleyne***. ***See Commonwealth v. Carter***, 122 A.3d 388, 393 (Pa. Super. 2015) ("[T]his Court has held that 18 Pa.C.S. § 7508, in its entirety, is unconstitutional.") However, our Supreme Court has specifically held that "***Alleyne*** does not apply retroactively to cases pending on collateral review…." ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016); ***see also Commonwealth v. Riggle***, 119 A.3d 1058, 1067 (Pa. Super. 2015) ("***Alleyne*** is not entitled to retroactive effect in this PCRA setting."). Accordingly, Appellant cannot meet any exception to the PCRA's time-bar. Thus, the PCRA court lacked jurisdiction to provide any relief in this case.

Order ***affirmed***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/8/2017</u>