J-S14027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLAY CALDWELL | : | |
| | : | |
| Appellant | : | No. 1856 EDA 2018 |

Appeal from the Order Entered April 13, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0202251-2000

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KING, J.:                          **FILED JUNE 23, 2020**

Appellant, Clay Caldwell, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his *pro se* petition for expungement.  We quash the appeal.

The relevant facts and procedural history of this appeal are as follows. On December 19, 2000, Appellant entered a negotiated guilty plea to first-degree murder.  That same day, the court sentenced Appellant to life imprisonment.  In exchange for the entry of his plea, the Commonwealth withdrew its request for the death penalty and dropped several charges, including burglary and robbery.  ***See Commonwealth v. Caldwell***, 929 A.2d 235 (Pa.Super. 2007) (unpublished memorandum).

On October 13, 2017, Appellant filed a *pro se* petition for expungement. Specifically, Appellant sought to expunge all charges that the Commonwealth

had withdrawn pursuant to his plea agreement. The Commonwealth filed a response on October 26, 2017, objecting to Appellant's request. On April 13, 2018, the court conducted a video conference and denied Appellant's petition.[1]

Appellant filed a *pro se* notice of appeal on June 15, 2018. On November 28, 2018, this Court issued a rule to show cause why the appeal should not be quashed as untimely. *See* Pa.R.A.P. 903(a) (providing general rule that notice of appeal shall be filed within thirty days after entry of order from which appeal is taken). Appellant filed a *pro se* response to the rule to show cause on December 10, 2018, but his filing did not present any substantive arguments regarding the timeliness of his appeal. On February 6, 2019, this Court discharged the rule and referred the issue to this merits panel.

Pennsylvania Rule of Appellate Procedure 301 sets forth the requisites for an appealable order as follows:

**Rule 301.  Requisites for an Appealable Order**

**(a)  Entry upon docket below**

(1)  Except as provided in paragraph (2) of this subdivision, **no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court**.  Where under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.

(2)  In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable

---

[1] At the time of the video conference, Appellant was incarcerated at SCI-Benner. (Trial Court Opinion, filed September 26, 2019, at 1 n.1).

upon the imposition of sentence in open court.

Pa.R.A.P. 301(a) (emphasis added). Significantly, docket entries must contain: "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). "The date of entry of an order … and the date the appeal period begins to run, shall be the day the clerk of the court … mails or delivers copies of the order to the parties." *Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa.Super. 2015) (quoting Pa.R.A.P. 108(a)(1), (d)(2)).

Instantly, the certified record on appeal does not contain the order denying Appellant's expungement petition or any corresponding proof of service.[2] Further, the trial court docket does not indicate the date or method of service for the order at issue. Absent any evidence demonstrating compliance with Rule 114(C)(2), we conclude the trial court has yet to issue a final, appealable order in Appellant's case. *See* Pa.R.A.P. 301(a). Accordingly, we quash this appeal as premature.[3]

Appeal quashed.

_____

[2] Appellant attached a copy of the order to his notice of appeal, but the copy does not indicate the date or method of service.

[3] After the clerk of courts serves the order denying the expungement petition on Appellant **and** notes such service on the docket as required by Rule 114(C), Appellant will have thirty days from the date of service to file a timely notice of appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2020