J-A07030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
CINNAMON PURVIS-GILLIAM   :
  :
Appellant   :   No. 416 EDA 2021

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006807-2018,
CP-51-CR-0006808-2018

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
CINNAMON PURVIS-GILLIAM   :
  :
Appellant   :   No. 417 EDA 2021

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006807-2018,
CP-51-CR-0006808-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:      **FILED JULY 11, 2022**

Cinnamon Purvis-Gilliam appeals from the judgment of sentence

entered following her convictions for two counts of simple assault and one

count of attempted strangulation.[1] Purvis-Gilliam contends the trial court was biased against her. We affirm.

Because the disposition of this appeal turns on its procedural history, we will not delve deeply into the facts. Following an incident involving two victims – Purvis-Gilliam's husband, from whom she was separated, and his girlfriend – Purvis-Gilliam was arrested and charged. She proceeded to a bench trial in September 2019, and the trial court found Purvis-Gilliam guilty of the above-referenced offenses at separate dockets for each victim. **See** Docket 6807-2018, Docket 6808-2018. The trial court sentenced her to an aggregate term of six to 12 months' incarceration followed by a consecutive term of two years reporting probation, on September 11, 2020. Immediately after imposing sentence, the court stated the time in which Purvis-Gilliam could file a post-sentence motion or an appeal as follows: "Now, you have ten days to file a post-sentence motion with the [c]ourt. You have 30 days to file an appeal to a higher court." N.T., Sentencing Hearing, 9/11/20, at 51.

Purvis-Gilliam filed a post-sentence motion 11 days after sentencing, on Tuesday, September 22, 2020. **See** Post-Sentence Motion for Reconsideration, filed 9/22/20. The motion was timestamped 12:00:59 AM. Six days later – *i.e.*, less than 30 days after sentencing – the court noted at a bail hearing that Purvis-Gilliam's post-sentence motion was pending. It said that once it decided the post-sentence motion, Purvis-Gilliam would have to

---

[1] 18 Pa.C.S.A. §§ 2701(a), 901(a), and 2718(a)(1), respectively.

file a "timely" appeal or her appellate rights would be "extinguished." The court did not comment on the timeliness of the post-sentence motion or explain the effect of an untimely post-sentence motion on the appeal deadline.

> There's a motion for reconsideration that I still have to review, but if a bail -- if an appeal is not filed in a timely manner, after the motion for reconsideration is either heard or denied, then bail will be revoked at the time that the appellate rights will be extinguished by not filing.

N.T., 9/28/20, at 5.

The trial court entered an order that denied the post-sentence motion by operation of law on January 25, 2021. Even though the motion listed both docket numbers, the order only listed docket number 6807-2018. **See** Order, filed 1/25/21.[2] Purvis-Gilliam filed the instant appeal on February 18, 2021. Purvis-Gilliam asserts the following issue: "Did the court below violate [Purvis-Gilliam's] right to a fair trial by demonstrating bias against [Purvis-Gilliam]?" Purvis-Gilliam's Br. at 7.

_____

[2] The clerk of court only entered an order at one docket entry, 6807-2018, though the post-sentence motion listed both dockets. Due to this omission, "we shall regard as done that which ought to have been done," specifically that the clerk would have entered an order denying the post-sentence motion by operation of law at both dockets. **See Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa.Super. 2015) (regarding as done that which ought to have been done where clerk of courts failed to note service of order denying post-sentence motion by operation on law in violation of Pa.R.Crim.P. 114(C)(2)); **Commonwealth v. Howard**, 659 A.2d 1018, 1021 n.12 (Pa.Super. 1995) (reaching merits of claim and holding that "we shall regard as done that which ought to have been done," where appellant's post-sentence motion was denied by operation of law and clerk of courts failed to enter an order and appellant filed within 30 days of denial).

Before addressing the merits of Purvis-Gilliam's appellate claim, we first address our jurisdiction, which we may do *sua sponte*. **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa.Super. 2014). If a defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1). An untimely post-sentence motion does not, without more, toll the appeal period. **See Commonwealth v. Green**, 862 A.2d 613, 618 (Pa.Super. 2004) (*en banc*).

Because the deadline for filing an appeal is jurisdictional, we lack authority to extend the deadline. **See Commonwealth v. Patterson,** 940 A.2d 493, 498 (Pa.Super. 2007). However, where the failure to file a timely appeal arises from a "breakdown" in court processes, we may entertain an untimely appeal. Instances in which we have found a such a "breakdown" include cases where the trial court has either failed to advise the appellant of post-sentence and appellate rights or given incorrect advice. **Id.** at 498.

Purvis-Gilliam's post-sentence motion was untimely, albeit by one minute. It therefore did not toll the running of the appeal period. She thus had until October 12, 2020, to file a timely notice of appeal. Pa.R.A.P. 903(a) (providing that a notice of appeal from an order shall be filed within 30 days); 1 Pa.C.S.A. § 1908 (whenever the last day of the appeal period falls on a weekend or on any legal holiday, such day shall be omitted from the

computation of time). She did not file the instant appeal until February 18, 2021.

This Court issued a rule to show cause directing Purvis-Gilliam to explain why we should not quash this appeal. She replied that this is an instance of a "breakdown" in the judicial system. *See* Petitioner's Response to Rule to Show Cause, filed 7/29/21, at ¶¶ 9-11. Her counsel states that he relied on the court's statement at the hearing on the motion for bail. He maintains he was directed by the trial court to file an appeal after the post-sentence motion was denied. *Id.* at ¶¶ 6, 7 (citing N.T., Motions Hearing at 5).

We agree that there was a "breakdown" in judicial processes sufficient to permit us to entertain this appeal. At the bail hearing – within 30 days of sentencing – the trial court said that once it had ruled on Purvis-Gilliam's post-sentence motion, she would need to file a "timely" appeal. It did not note that an untimely post-sentence motion, such as Purvis-Gilliam's, would not toll the time to appeal. It also did not note that the post-sentence motion she filed was in fact late. It instead said that it would rule on her motion and then she could timely appeal. The court entered an order denying the motion on January 25, 2021, three months after Purvis-Gilliam's actual time to appeal had expired. The combined circumstances here – defense counsel's filing the post-sentence motion one minute late, such that he believed the motion was timely; the judge's incomplete explanation at sentencing; and the court's subsequent misleading statement at the bail hearing, which was during the appeal period – constitute a "breakdown" under this Court's precedents

sufficient to allow us to entertain this appeal. *See Patterson*, 940 A.2d at 499-500.

We now turn to the issue Purvis-Gilliam presents before this Court. She maintains that the trial court demonstrated impermissible bias. Purvis-Gilliam's Br. at 20. She draws a contrast between the manner in which the court spoke to the victims during their testimony and its dealings with her and her counsel. Purvis-Gilliam concedes that she did not raise this claim before the trial court but argues that this Court should not find waiver because she contends such may be raised for the first time on appeal. *Id.* at 15 (citing *Commonwealth v. Hammer*, 494 A.2d 1054 (Pa. 1985)).

Purvis-Gilliam has waived review of her appellate issue. A claim of judicial bias or impartiality must be raised by an objection "at the earliest possible moment, or that party will suffer the consequence of being time barred." *Commonwealth v. Stafford*, 749 A.2d 489, 501 (Pa.Super. 2000) (citation omitted). As she acknowledges, she raises this issue for the first time on appeal, in violation of Rule 302 of Appellate Procedure. Pa.R.A.P. 302(a).

*Hammer* affords her no safe harbor. Certainly, our Supreme Court in *Hammer* overlooked counsel's failure to object to the trial judge's questioning of witnesses. However, *Hammer* has since been overruled. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002); *Commonwealth v. Colon*, 31 A.3d 309, 316-317 (Pa.Super. 2011).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2022