**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAROLD AUGUSTUS DAVIS JR. | : | |
| | : | |
| Appellant | : | No. 1320 MDA 2022 |

Appeal from the Order Entered August 25, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005533-2013

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:        **FILED: JANUARY 5, 2024**

Harold Augustus Davis, Jr. ("Davis") appeals from the order denying his *pro se* Request for Bill of Particulars. We quash the appeal.

In 2018, Davis entered a plea of *nolo contendere* to two counts of aggravated assault and the trial court sentenced him to twelve to thirty years in prison. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal on September 29, 2020. ***See Commonwealth v. Davis***, 35 A.3d 353 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 239 A.3d 1087 (Pa. 2020). Davis did not seek review in the United States Supreme Court.

On September 30, 2021, Davis filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. The

PCRA court denied the petition as untimely by an order dated November 29, 2021.[1]  Davis did not appeal that order.

In August 2022, Davis filed a *pro se* Request for Bill of Particulars in which he requested copies of certain documents related to his criminal case (*i.e.*, the docket, police incident report, photographs, motions, medical records, and transcripts).  **See** *Pro Se* Request for Bill of Particulars, 8/18/22, at 2-4.  On August 24, 2022, the trial court denied the request as untimely pursuant to Pa.R.Crim.P. 572 (providing that a request for bill of particulars must be served by the defendant upon the Commonwealth within seven days of arraignment).  Davis filed a timely *pro se* notice of appeal.  The court appointed counsel.  Both Davis and the court complied with Pa.R.A.P. 1925.

---

[1] It is unclear how the PCRA court arrived at its determination that Davis's *pro se* PCRA petition was untimely.  Davis's judgment of sentence did not become final until the ninety-day period in which to seek review in the United States Supreme Court expired.  **See** U.S.Sup.Ct.R. 13 (stating that a petitioner has ninety days to file petition for writ of *certiorari* with United States Supreme Court); **see also** 42 Pa.C.S.A. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").  Accordingly, Davis's judgment of sentence became final on or around December 28, 2020, after the expiration of his time to file a petition for writ of *certiorari* with the United States Supreme Court.  Thus, Davis had one year from that date, until December 28, 2021, to file a timely PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1).  Davis filed his *pro se* PCRA petition on September 30, 2021, which was within that one-year timeframe.

Davis raises the following issue for our review: "[w]hether the [PCRA] court erred in neglecting to appoint counsel to a first time *pro se* [PCRA] filing prior to denying PCRA relief." Davis's Brief at unnumbered 4.

Preliminarily, we must determine whether this Court has jurisdiction to address the merits of Davis's issue, as the timeliness of an appeal implicates this Court's jurisdiction. *See Commonwealth v. Wooden*, 215 A.3d 997, 999 (Pa. Super. 2019). Our appellate rules provide that a notice of appeal must be filed within thirty days of entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a). However, with one exception not herein applicable, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). A criminal order is properly entered upon the docket when the clerk of courts promptly notes on the docket the following information: (1) the date of receipt in the clerk's office of the court order; (2) the date appearing on the court order; and (3) the date of service of the court order. *See* Pa.R.Crim.P. 114(C)(2). Our Supreme Court has ruled that the clerk's obligations under Rule 114 are mandatory and may not be modified by local rules. *See Commonwealth v. Hess*, 810 A.2d 1249, 1253 (Pa. 2002). Importantly, the thirty-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is mailed to the parties by the clerk of courts. *See* Pa.R.A.P. 108(a)(1), (d).

In the instant matter, the sole issue Davis presents for our review pertains to his *pro se* PCRA petition which was denied by an order dated November 29, 2021. While more than thirty days has passed since the date of the order denying Davis's PCRA petition, the record reflects that the order has not yet been properly entered on the docket. As an initial matter, the docket entry for the denial order contains no indication that it was served on Davis via certified mail as required by Pennsylvania Rule of Criminal Procedure 907(4), which provides:

> (4) When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4).

Moreover, the docket entry contains no indication of the date on which the order was mailed to Davis in accordance with Rule 114(C)(2)(c).[2] Because this information is missing from the docket entry, the PCRA court's order dismissing Davis's petition has yet to be properly entered, thus making it non-appealable. ***See Commonwealth v. Carter***, 122 A.3d 388, 391-92 (Pa. Super. 2015) (holding that the appeal did not begin to run because the clerk

---

[2] While the docket bears an entry on December 2, 2021, indicating "Proof of Service," there is no indication as to what or whom was served on that date.

of courts did not note the date of service of the order on the docket so as to trigger the appeal period). Accordingly, we quash the appeal as premature.[3]

Appeal quashed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/05/2024

_____

[3] Notably, the lower court acknowledges that, when sitting as the PCRA court, it erred in failing to appoint counsel for Davis in connection with his first PCRA petition. **See** PCRA Court Opinion, 3/17/23, at 4; **see also Commonwealth v. Bradley**, 261 A.3d 381, 391 (Pa. 2021) (explaining that "a petitioner has a rule-based right to the appointment of counsel for a first PCRA petition"); Pa.R.Crim.P. 904 (providing that the judge shall appoint counsel to represent the defendant on the defendant's first PCRA petition). Given this error and the other errors apparent from the record, nothing prevents the PCRA court from, upon remittal of the record, vacating its November 29, 2021 order, reinstating Davis's timely first PCRA petition, and appointing counsel to represent Davis in connection with his petition.