J-S25023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
        :             PENNSYLVANIA
        :

      v.         :
        :
        :

CORY JONATHAN MALAMPY       :
        :

      Appellant      :    No. 3123 EDA 2024

Appeal from the Judgment of Sentence Entered October 11, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-MD-0001030-2024

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:         **FILED OCTOBER 30, 2025**

Appellant, Cory Jonathan Malampy, appeals from the October 11, 2024 judgment of sentence following his conviction for Indirect Criminal Contempt ("ICC") resulting from his violation of a Protection from Abuse ("PFA") order.[1] He raises a challenge to the sufficiency of the evidence. Upon review, we affirm.

The following procedural and factual history is relevant to this appeal. Appellant and Heather Malampy ("Victim") are married but separated and are parents to an elementary school aged child ("Child"). Appellant and Victim

---

[1] We note that the judgment of sentence order appears in the certified record but does not appear on the docket. Since the order appears in the certified record, our jurisdiction is not impaired by the error. ***See, e.g., Commonwealth v. Carter***, 122 A.3d 388, 392 (Pa. Super. 2015) (exercising jurisdiction despite defects in the entry of order on the docket by treating as done what ought to have been done). Nonetheless, we direct the trial court to assure upon remand that the October 11, 2024 judgment of sentence order is entered on the docket.

are involved in contentious divorce and custody proceedings. On November 30, 2023, the court entered a PFA order by agreement of the parties which provided, in pertinent part, that Appellant "shall not abuse, stalk, harass, threaten or attempt to threaten to use physical force against [Victim] . . . in any place where they may be found." Trial Ct. Op., 1/8/25, at 2-3. The order also states that Appellant "is prohibited from having any contact with [Victim] either directly or indirectly. . . at any location" and Appellant "is prohibited from stalking . . . or harassing . . . [Victim]." *Id.* at 3.

On April 14, 2024, Appellant rode his motorcycle past Victim's house while filming a video on his cell phone. A handyman ("Handyman") who had known Appellant for two years was working in the front yard of Victim's house at the time. Handyman observed Appellant, who was not wearing a helmet, ride slowly by the house on his motorcycle while holding out his cell phone and holding up traffic behind him. As a result of this incident, the Commonwealth charged Appellant with summary Harassment.

On October 11, 2024, the court held a bench trial. The Commonwealth presented testimony from Handyman, who testified in accordance with the above-stated facts.

Appellant testified on his own behalf. Appellant admitted that he rode his motorcycle past Victim's house while filming and even entered a time-stamped video as an exhibit. Appellant initially testified that he was on his way to church and that riding past Victim's house was the fastest way to get to church. On cross examination, Appellant admitted that there were other

routes to church but that he chose to ride past Victim's house. After the Commonwealth pointed out that the timestamp on the video and the scheduled church service times did not align, Appellant testified "I guess I don't drive past the house on my way to church that day . . . I guess my time was off." N.T. Trial, 10/11/24, at 76. Appellant testified that he was filming the video to prove that Victim was lying to him about having work done on the house. Appellant also testified that he rode by looking for evidence that Victim was selling or throwing away property that belonged to him.

The trial court found Appellant's testimony to be "inconsistent" and "not credible." Trial Ct. Op. at 4. The court further found that Appellant "harassed" Victim and "attempted potential contact" with Victim at her home. *Id.* The court convicted Appellant of ICC and sentenced him to a term of six months' probation.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review: "Was there sufficient evidence presented at the time of trial held on October 11, 2024 to find your Appellant guilty of [ICC] of an underlying [PFA] order?" Appellant's Br. at 4. (some capitalization omitted).

We review an ICC conviction for an abuse of discretion. *Commonwealth v. Haigh*, 874 A.2d 1174, 1177 (Pa. Super. 2005). "We rely on the discretion of the trial court judge and are confined to a

determination of whether the facts support the trial court's decision." ***Commonwealth v. Felder***, 176 A.3d 331, 333 (Pa. Super. 2017).

In reviewing whether the evidence was sufficient to support the conviction, "we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." ***Commonwealth v. Taylor***, 137 A.3d 611, 614 (Pa. Super. 2016) (*en banc*) (citation omitted). In applying the above test, "we may not weigh the evidence and substitute our judgment for the fact-finder." ***Commonwealth v. Brumbaugh***, 932 A.2d 108, 109 (Pa. Super. Ct. 2007) (citation omitted). "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Id.*** at 110 (citation omitted).

This Court has repeatedly stated that "[t]he purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." ***Commonwealth v. Lambert***, 147 A.3d 1221, 1226 (Pa. Super. 2016) (citation omitted). "Where a PFA order is involved, an [ICC] charge is designed to seek punishment for violation of the protective order[.]" ***Commonwealth v. Jackson***, 10 A.3d 341, 346 (Pa. Super. 2010) (citation omitted).

To establish ICC, the Commonwealth must prove that: "1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent." *Commonwealth v. Walsh*, 36 A.3d 613, 619 (Pa. Super. 2012). Relevantly, it is sufficient to establish wrongful intent if there is a "substantial certainty" that the defendant's actions would violate the PFA order. *Brumbaugh*, 932 A.2d at 111 (determining that evidence was sufficient to establish wrongful intent where the appellant traveled with the victim to a party, even though the victim invited him, due to the "substantial certainty" that his conduct would violate the PFA).

In his 1925(b) statement and his brief to this Court, Appellant avers generally that the evidence was insufficient to sustain a conviction for ICC. Appellant's Br. at 9. In response, the Commonwealth argues that Appellant's "failure to identify the element(s) of [ICC] which he alleges were not sufficiently proven must result in waiver." Commonwealth's Br. at 15. We are constrained to agree.

This Court has repeatedly held that "[i]f Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citations omitted). Moreover, "[w]here a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal." *Id.*

(citations omitted).  Accordingly, Appellant has failed to preserve this issue for our reviewl.

Even if Appellant had preserved this issue, he would not be entitled to relief.  Viewing the evidence, and all reasonable inferences drawn from that evidence, in the light most favorable to the Commonwealth we conclude that the evidence was sufficient to sustain a conviction for ICC.  There is no dispute regarding the clarity of the PFA order or whether Appellant had notice of the order.  By his own admission, Appellant was riding a motorcycle by Victim's home and filming.  The court did not believe Appellant's testimony that he was riding by the house to record home repairs or catch Victim throwing out his property and we decline to usurp the trial court's credibility determinations.  Based on the evidence presented, it was reasonable for the court to infer that Appellant's actions were volitional and with wrongful intent to harass Victim.  We discern no error.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2025