J-S25047-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CORY JONATHAN MALAMPY | : | |
| | : | |
| Appellant | : | No. 3138 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 11, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-MD-0003799-2024

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED NOVEMBER 14, 2025**

Appellant, Cory Jonathan Malampy, appeals from the October 11, 2024 judgment of sentence following his conviction for Indirect Criminal Contempt ("ICC") resulting from his violation of a Protection from Abuse ("PFA") order.[1] He raises challenges to the sufficiency of the evidence as well claims of trial court error. Upon review, we affirm.

The following procedural and factual history is relevant to this appeal. Appellant and Heather Malampy ("Victim") are married but separated and are parents to an elementary school aged child ("Child"). Appellant and Victim

---

[1] We note that the judgment of sentence order appears in the certified record but does not appear on the docket. Since the order appears in the certified record, our jurisdiction is not impaired by the error. ***See, e.g., Commonwealth v. Carter***, 122 A.3d 388, 391-92 (Pa. Super. 2015) (exercising jurisdiction despite defects in the entry of order on the docket by treating as done what ought to have been done). Nonetheless, we direct the trial court to assure upon remand that the October 11, 2024 judgment of sentence order is entered on the docket.

are involved in contentious divorce and custody proceedings. On November 30, 2023, the court entered a PFA order by agreement of the parties which provided, in pertinent part, that Appellant "is prohibited from having ANY CONTACT with [Victim], either directly or indirectly, . . . at any location, including but not limited to any contact at [Victim]'s school, business, or place of employment" and Appellant "is prohibited from stalking . . . or harassing . . . [Victim]." Trial Ct. Op., 1/8/25, at 3.

On May 2, 2024, over Appellant's objection, the custody court granted Victim's petition to pick up Child early from Bethel Springs Elementary School on May 8, 2024, in order to attend a 1:00 PM Phillies baseball game. The following day, Appellant contacted the school and requested a conference with Child's teacher. Child's teacher presented two date and time options, and Appellant selected May 8, 2024, at 10:15 AM. Notably, this is the same time frame that Victim would be picking up Child from school.

Virginia Allen, the school's principal, was aware of both the custody and PFA orders. Principal Allen contacted Victim to inform her of Appellant's scheduled conference and ensure Victim that Ms. Allen would watch Victim leave the building and get safely to her car. On May 8, 2024, Appellant arrived at Child's school and parked on an elevated parking lot that overlooked the entrance of the school. Appellant attended the conference. At approximately 10:55 AM, after the conference, Appellant was leaving the school and walked past Victim who was entering the school. Principal Allen observed Appellant walk to his parked vehicle and remained seated in his parked vehicle

overlooking the entrance to the school for over ten minutes. Principal Allen watched Victim and Child leave the school to ensure that they were safe. Principal Allen testified that she knew that Appellant was sitting in the parking lot for over ten minutes, because that was the typical amount of time that it would take to sign a student out of the school. Allen observed Appellant remain in the parking lot to watch Victim and Child leave the school building.

On October 11, 2024, the court held a bench trial. The Commonwealth presented testimony from Principal Allen, who testified in accordance with the above-stated facts.

The court found Appellant guilty of ICC and sentenced Appellant to a term of six months' probation. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I. Was there sufficient evidence presented at the time of trial to find that Appellant was guilty of [ICC]?

II. Was the trial court in error in failing to dismiss the [ICC] complaint in that the Commonwealth did not introduce the underlying [PFA] order at the time of the hearing?

III. Was the trial court in error on commenting on the Appellant's failure to testify at the trial in violation of his Fifth Amendment constitutional rights?

Appellant's Br. at 5 (reordered for ease of disposition, some capitalization omitted).

We review an ICC conviction for an abuse of discretion. *Commonwealth v. Haigh*, 874 A.2d 1174, 1177 (Pa. Super. 2005). "We

- 3 -

rely on the discretion of the trial court judge and are confined to a determination of whether the facts support the trial court's decision." *Commonwealth v. Felder*, 176 A.3d 331, 333 (Pa. Super. 2017).

In reviewing whether the evidence was sufficient to support the conviction, "we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact[-]finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Taylor*, 137 A.3d 611, 614 (Pa. Super. 2016) (*en banc*) (citation omitted). In applying the above test, "we may not weigh the evidence and substitute our judgment for the fact-finder." *Commonwealth v. Brumbaugh*, 932 A.2d 108, 109 (Pa. Super. Ct. 2007) (citation omitted). "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.* at 110 (citation omitted).

This Court has repeatedly stated that "[t]he purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." *Commonwealth v. Lambert*, 147 A.3d 1221, 1226 (Pa. Super. 2016) (citation omitted). "Where a PFA order is involved, an [ICC] charge is designed to seek punishment for violation of the protective order[.]"

*Commonwealth v. Jackson*, 10 A.3d 341, 346 (Pa. Super. 2010) (citation omitted).

To establish ICC, the Commonwealth must prove that: "1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent." *Commonwealth v. Walsh*, 36 A.3d 613, 619 (Pa. Super. 2012). Relevantly, it is sufficient to establish wrongful intent if there is a "substantial certainty" that the defendant's actions would violate the PFA order. *Brumbaugh*, 932 A.2d at 111 (determining that evidence was sufficient to establish wrongful intent where the appellant traveled with the victim to a party, even though the victim invited him, due to the "substantial certainty" that his conduct would violate the PFA).

In his 1925(b) statement and his brief to this Court, Appellant avers generally that the evidence was insufficient to sustain a conviction for ICC. Appellant's Br. at 9. In response, the Commonwealth argues that Appellant's "failure to identify the element(s) of [ICC] which he alleges were not sufficiently proven must result in waiver." Commonwealth's Br. at 15. We are constrained to agree.

This Court has repeatedly held, "[i]f Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citations

omitted). Moreover, "[w]here a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal." *Id.* (citations omitted).

Even if Appellant had preserved this issue, he would not be entitled to relief. When considering whether a violation of a court order is intentional, "[i]t is imperative that trial judges use common sense and consider the context and surrounding factors in making their determination[]." *Haigh*, 874 A.2d at 1177. Viewing the evidence, and all reasonable inferences drawn from that evidence, in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient to sustain a conviction for ICC. There is no dispute regarding the clarity of the PFA order or whether Appellant had notice of the order. Moreover, the Commonwealth presented testimony from Principal Allen who informed the court that Appellant chose to schedule the conference on a date and time that he knew Victim would be at the school even though he could have scheduled his teacher conference on an alternate day. Principal Allen also testified that Appellant remained in the parking lot in a visible location for more than ten minutes after he left the building and remained in the parking lot to watch Victim and Child leave. N.T. Trial, 10/11/25, at 19-37. Based on this evidence, it was reasonable for the trial court to infer that Appellant acted volitionally and with wrongful intent to initiate contact with Victim.

In his second issue, Appellant avers that the trial court erred in "failing to dismiss the [ICC] complaint" where the Commonwealth did not introduce

the underlying PFA order into evidence during the hearing. Appellant's Br. at 7. Appellant failed to preserve this issue for our review.

Our review of the record reveals that during closing arguments, Appellant's counsel stated that he "needed to make a technical objection" due to the Commonwealth's failure to introduce the PFA order into evidence. N.T. Trial at 43. Notably, Appellant's counsel did not motion for the case to be dismissed on this basis. Further, rather than waiting for the court to rule on his "technical objection," Appellant's counsel proceeded to inform the court that he would have stipulated to the PFA order if it had been introduced and informed the court that he was going to "still argue as though [the PFA order] was in the record." *Id.*

In addressing this issue in its Rule 1925(a) opinion, the trial court explained, "[g]iven Appellant's trial counsel's equivocation, this court took no action at the time to determine if the court should have taken judicial notice of the [PFA o]rder and its entry." Trial Ct. Op. at 7-8. The trial court concluded, "[s]ince Appellant's trial counsel did not make a motion to dismiss or even make his position clear at trial it is too late for him to assert that claim now." *Id.* We agree. Our Rules of Appellate Procedure make clear that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Appellant failed to make a motion to dismiss during trial and, therefore, failed to preserve this claim of error for our review.

In his final issue, Appellant avers that the trial court erred when it commented on Appellant's failure to testify at the trial in violation of his Fifth Amendment constitutional rights. Appellant's Br. at 8. Appellant mischaracterizes the trial court's actions.

During closing arguments, the court asked Appellant's counsel if the court was permitted to make a negative inference from the fact that Appellant did not testify. N.T. Trial at 51. Counsel for both parties responded that the court was **not** permitted to make a negative inference from Appellant's decision not to testify and the court responded, "Okay." *Id.* In its opinion, the court reiterated that it did not draw any negative inference from Appellant's failure to testify and, instead, convicted Appellant "based on the credible evidence presented at trial." Trial Ct. Op. at 8. It is well settled that "a trial court acting as the fact-finder is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." *Commonwealth v. McFadden*, 156 A.3d 299, 309 (Pa. Super. 2017) (citation and internal quotation marks omitted). Here, we presume that the trial court followed the law and did not draw a negative inference from Appellant's decision to not testify. Accordingly, we discern no error.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2025