J-S31020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM H. LEAK | : | |
| | : | |
| Appellant | : | No. 2446 EDA 2021 |

Appeal from the PCRA Order Entered May 3, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0801371-2006

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 29, 2022**

William H. Leak appeals *pro se* from the order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

We begin with a brief history of this case. In August 2005, Appellant repeatedly sexually assaulted Quinna Martin at knifepoint in an apartment to which Appellant went to acquire and smoke crack cocaine. Ultimately, Ms. Martin was able to flee, and paramedics took her to Temple University Hospital for stitches on wounds received from the knife and for a rape kit. Appellant was arrested on charges of rape and related offenses. Since Ms. Martin became terminally ill and was residing out of state, the

_____

[*] Former Justice specially assigned to the Superior Court.

Commonwealth videotaped Ms. Martin's preliminary hearing testimony. The Commonwealth did not provide Ms. Martin's medical records to Appellant's counsel prior to the preliminary hearing, and counsel did not otherwise obtain them to use in cross-examination.

Central to the issue Appellant argues in this appeal, on July 24, 2007, the trial court had a hearing to ascertain the availability of Ms. Martin to travel to Philadelphia to testify at trial. Following the telephonic testimony of Ms. Martin's treating physician *in camera*, who indicated that she was not medically cleared to travel, the trial court viewed the preliminary hearing video in open court with Appellant present and un-cuffed so he could take notes. *Se*e N.T. Hearing, 7/24/07, at 30-31. Thereafter, the court heard from the parties about the admissibility of the preliminary hearing testimony at trial. During the course of that discussion, the Commonwealth indicated that it had given defense counsel all of the discovery materials that it had prior to the preliminary hearing, but acknowledged that it did not have or provide the DNA analysis or the Temple University Hospital records from the date of the assault. *Id*. at 33-35. The record reflects that Appellant was present for this exchange, as the trial court admonished him to refrain from speaking while the court was speaking. *Id*. at 35-36.

Ms. Martin died before Appellant's trial. The trial court permitted the Commonwealth to utilize Ms. Martin's video testimony in its case in chief, as well as to introduce Ms. Martin's medical records. The Commonwealth also

presented corroborating witnesses, as well as evidence that Appellant's semen was found on Ms. Martin's shirt and her blood on Appellant's clothes. Appellant testified in his defense, admitting that he had held Ms. Martin at knifepoint when the police arrived at the scene because the presence of contraband caused him to panic, but denying that he had sexual contact with her. The jury convicted Appellant of rape, involuntary deviate sexual intercourse, aggravated assault, aggravated indecent assault, unlawful restraint, and possession of an instrument of crime. Appellant was sentenced to an aggregate term of ten to twenty years of imprisonment followed by thirty years of probation.

On direct appeal, Appellant argued, *inter alia*, that Ms. Martin's recorded preliminary hearing testimony was improperly admitted because Appellant did not have her Temple University medical records with which to cross-examine her. This Court rejected the claim of error and affirmed Appellant's judgment of sentence, observing that, although the prosecutor admitted that he did not provide the medical records to Appellant prior to the preliminary hearing, the record did "not establish that the Commonwealth denied [Appellant] access to the hospital records in question, and [Appellant did] not explain why he couldn't have subpoenaed the records prior to the preliminary hearing." *Commonwealth v. Leak* ("*Leak I*"), 22 A.3d 1036, 1045 (Pa.Super. 2011) (citing N.T. 6/17/10, at 27-28). Appellant's judgment of sentence became final in early 2012, after our Supreme Court denied his petition for allowance

of appeal and he failed to seek review in the U.S. Supreme Court. **See Commonwealth v. Leak**, 31 A.3d 291 (Pa. 2011).

Appellant's first, timely PCRA petition, litigated with the assistance of counsel, resulted in no relief. **See Commonwealth v. Leak**, 153 A.3d 1110 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 166 A.3d 1228 (Pa. 2017). Of note, this Court affirmed the PCRA court's denial of Appellant's claims of ineffective assistance of counsel, including claims related to the cross-examination of Ms. Martin at the preliminary hearing and the attempt to exclude the video from trial. **Id**. (unpublished memorandum at 9-11).

Appellant next filed a federal *habeas* action, assailing counsel's failure to obtain the Temple University records for cross-examination and to object to their admission at trial. Concluding that Appellant's petition was untimely and that, in any event, he could not establish that he suffered prejudice because it was cumulative of other properly-admitted evidence, the magistrate judge recommended that Appellant's *habeas* petition be denied with prejudice, and the district court approved and adopted the recommendation on July 27, 2020. **See Leak v. Clark**, CV 17-2608, 2020 WL 1866890, at *1 (E.D. Pa. Feb. 7, 2020), *report and recommendation adopted*, 2020 WL 4334930 (E.D. Pa. July 28, 2020).

- 4 -

The PCRA petition at issue in the instant appeal was filed on June 18, 2020.[1] Therein, Appellant asserted that he was entitled to a new trial based upon after-discovered evidence. In particular, he averred that his counsel in the *habeas corpus* action had unsuccessfully sought to obtain notes of testimony in this case that had not previously been transcribed, prompting Appellant to seek out the materials himself. **See** PCRA Petition, 6/18/20, at 1-2. As a result, on July 2, 2019, Appellant obtained the July 24, 2007 transcript discussed *supra*. Appellant claimed in his PCRA petition that this transcript had been intentionally omitted from the record, and it revealed that assistant district attorney lied about providing certain evidence to Appellant's counsel. **Id**. at 3. Appellant alleged that he filed the instant PCRA petition within one year of discovering these facts and asked for a new trial. **Id**. at 5.

On March 1, 2021, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing due to its untimeliness. The PCRA court thereafter purported to dismiss the petition by an order that was docketed on

---

[1] The petition, docketed on August 12, 2020, was dated June 15, 2020, and listed that date in his proof of service. However, the document includes a request to proceed *in forma pauperis* that is dated June 18, 2020. Hence, for purposes of the prisoner mailbox rule, the earliest filing date attributable to the petition is June 18, 2020. **See**, **e.g.**, **Commonwealth v. Kennedy**, 266 A.3d 1128, 1132 n.8 (Pa.Super. 2021) ("The prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing."). We opt to utilize that filing date for purposes of our discussion rather than engage in further consideration of when Appellant actually provided the petition to prison authorities, for, as detailed *infr*a, the petition is untimely under even this most generous view.

May 3, 2021.  However, service of the order upon Appellant was not noted on the docket as is required by Pa.R.Crim.P. 114(C)(2)(c).  On November 16, 2021, Appellant filed both a notice of appeal and a petition for leave to appeal *nunc pro tunc*.  The PCRA court granted Appellant the requested *nunc pro tunc* relief and issued an order for Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2]  Although service of this order also was not docketed in full compliance with Pa.R.Crim.P. 114, Appellant filed a statement.

Appellant raises in this Court the same thirteen issues on appeal that he raised in his Rule 1925(b) statement, most of which concern the substance of his after-discovered evidence claim.  **See** Appellant's brief at unnumbered 2-6.  However, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a

---

[2]  We observe that, since the dismissal order was not properly docketed, the time period for appealing the dismissal order never began to run, and thus *nunc pro tunc* relief was unnecessary.  **See**, **e.g.**, **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa.Super. 2000) (observing that, where the final order was not properly docketed, the period for taking an appeal was never triggered").  Rather than quash this appeal as interlocutory and burden Appellant with taking additional steps to obtain appellate review of his claims, we exercise our discretion to treat as done that which ought to have been done and to proceed to the merits of the appeal based upon Appellant's November 16, 2021 notice of appeal. **See**, **e.g.**, **Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa.Super. 2015) (opting to treat notices of appeal as timely filed although the appeal period had not started running because the clerk of courts did not note service on the docket).

petition, we must start by examining the timeliness of Appellant's petition." ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014).

For a petition to be timely under the PCRA, it must be filed within one year of the date that the petitioner's judgment of sentence became final. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than eight years after his judgment of sentence became final in 2012, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1), we must conclude that the PCRA court properly dismissed his petition.

Appellant pled that he satisfied the newly-discovered facts exception codified at 42 Pa.C.S. § 9545(b)(1)(ii). ***See*** PCRA Petition, 6/18/20, at ¶ 12. A petitioner relying upon this exception must establish that: "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). Although "[d]ue diligence requires neither perfect vigilance nor punctilious care," it does require "reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Smith***, 194 A.3d 126, 134 (Pa.Super. 2018) (internal quotation marks omitted).

The new fact that Appellant claims to have discovered was that the Commonwealth lied about having produced Ms. Martin's medical records prior

to the preliminary hearing, and that the trial court was nonetheless aware that counsel did not actually have them for use in cross-examination. *See* Appellant's brief at 2. He maintains that he could have used the suppressed July 24, 2007 transcript in arguing his claims on direct appeal. *See* PCRA Petition, 6/18/20, at 2.

The PCRA court concluded that the operative facts identified by Appellant were not newly discovered. It recognized that Appellant claimed that he was unaware of the July 24, 2007 discussion about what discovery was provided to counsel before the preliminary hearing because that transcript was omitted from the record. However, the court aptly observed that Appellant was present during those discussions on July 24, 2007, "and presumably [was] listening to the proceedings." PCRA Court Opinion, at 8.

The certified record supports the PCRA court's determination.[3] As detailed above, Appellant was in the courtroom when the Commonwealth acknowledged that, while it gave defense counsel the discovery materials that it had prior to the preliminary hearing, the Temple University Hospital medical records were not among the documents provided. *Se*e N.T. Hearing, 7/24/07, at 30-36. Furthermore, the Commonwealth again admitted that fact during

---

[3] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

the course of Appellant's direct appeal, as was documented by this Court in its 2011 opinion. ***See Leak I***, ***supra*** at 1045. Hence, it is plain that Appellant's claim is premised not upon a new, previously unknown fact, but rather upon an additional source for a fact that he has known since 2007.[4] "It is well settled in Pennsylvania that the focus of the exception found at § 9545(b)(1)(ii) is on newly-discovered facts, not on newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." ***Commonwealth v. Maxwell***, 232 A.3d 739, 745 (Pa.Super. 2020). Accordingly, Appellant has failed to establish that the PCRA court erred and that relief is due. Therefore, we affirm the PCRA court's order dismissing his petition as untimely.

Order affirmed.

P.J.E. Stevens joins this Memorandum.

_____

[4] Appellant belatedly attempts to invoke the governmental interference timeliness exception codified at 42 Pa.C.S. § 9545(b)(1)(i) (providing an exception where "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States"). ***See***, ***e.g.***, Appellant's reply brief at unnumbered 6; Emergency Application for Relief, 10/3/22. With this Court having acknowledged on direct appeal, as discussed above, that the Commonwealth admitted that defense counsel did not have the medical records at the time of the preliminary hearing, the failure of the clerk of courts to include the corroborating July 24, 2007 transcript in the certified record had no impact on Appellant's ability to present his claim that the trial court erred in admitting the preliminary hearing testimony into evidence. Consequently, this exception would have been unavailing even if Appellant had timely raised it in his PCRA petition, and we deny Appellant's Emergency Application.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2022