J-S22029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE WONGUS | : | |
| | : | |
| Appellant | : | No. 1775 EDA 2021 |

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011899-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE WONGUS | : | |
| | : | |
| Appellant | : | No. 1776 EDA 2021 |

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014628-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE WONGUS | : | |
| | : | |
| Appellant | : | No. 1777 EDA 2021 |

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000177-2012

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

J-S22029-22

MEMORANDUM BY McCAFFERY, J.:                FILED MARCH 1, 2023

In these consolidated appeals, Terrance Wongus (Appellant) appeals from the orders entered in the Philadelphia Court of Common Pleas denying his petition under the Post-Conviction Relief Act (PCRA)[1] at three docket numbers.[2]  On appeal, he alleges trial, appellate, and former PCRA counsel were ineffective for failing to: (1) perfect an appeal to the Pennsylvania Supreme Court; (2) motion for a mistrial after certain testimony, and (3) raise a claim of after-discovered evidence.  We affirm.

A detailed recitation of the facts is not necessary for this appeal.  Briefly, this matter stems from a string of robberies and thefts which occurred in Philadelphia between November 2010, and April 2011.  Police eventually developed Appellant as a suspect for these crimes, believing he stole two rental vehicles and robbed five parking lot attendants — four while using a firearm — during this period.  Appellant was subsequently charged with, *inter alia*, two counts of robbery, and one count each of possession of an instrument

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant filed three separate notices of appeal, one for each of the trial court docket numbers.  **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (separate notices of appeal must be filed when a single order resolves issues arising on more than one trial court docket), *overruled in part,* **Commonwealth v. Young**, 477 (Pa. 2021) (reaffirming that Pa.R.A.P. 341 requires separate notices of appeal when single order resolves issues under more than one docket, but holding Pa.R.A.P. 902 permits appellate court to consider appellant's request to remediate error when notice of appeal is timely filed).  Appellant then filed an application for consolidation, which this Court granted on October 14, 2021, via a *per curiam* order.  Order, 10/14/21.

- 2 -

of crime (PIC), theft by unlawful taking, and receiving stolen property.[3]  This case proceeded to jury trial on April 24, 2013, where the Commonwealth presented the testimony of, *inter alia*, Philadelphia Police Detective Louis Velazquez and Philadelphia Police Officer Christopher Hulmes.   At the conclusion of trial, the jury found Appellant guilty of the above-mentioned crimes.[4] On July 10, 2013, the court sentenced Appellant to consecutive terms of 10 to 20 years' incarceration on each robbery conviction, and a concurrent term of one to two years' incarceration on his theft conviction.  He received no further penalty on the remaining charges.

On August 8, 2013, Appellant filed a timely notice of appeal, wherein he argued, in relevant part, he was entitled to a new trial after Detective Velazquez "referenc[ed his] past criminal conduct" during his trial testimony. **Commonwealth v. Wongus**, 2357 EDA 2013 (unpub. memo. at 3, 10) (Pa. Super. Feb. 27, 2015).  A panel of this Court affirmed Appellant's judgment of sentence, concluding that his challenge to Detective Velazquez's testimony was waived for failure to timely motion for a mistrial.  **Id.** at 10-11.

Appellant filed a timely, *pro se* PCRA petition on June 4, 2015, and an amended, *pro se* petition on June 29, 2015, where he alleged, in pertinent part: (1) Brian Fishman, Esquire, represented him during the appeal process,

---

[3] 18 Pa.C.S. §§ 3701(a)(1)(ii), 907(a), 3921(a), 3925(a).

[4] Appellant was found not guilty of three additional charges of robbery and PIC, as well as several firearms charges.

but abandoned him "at the stage[ ] of filing a Petition for Allowance of Appeal with the Pennsylvania Supreme Court[;]" and (2) Mark Hinrichs, Esquire, represented him at trial and failed to timely motion for mistrial after Detective Velazquez's testimony. Appellant's *Pro Se* Petition under Post Conviction Collateral Relief Act, 6/4/15, at 2, 5 (unpaginated); Appellant's *Pro Se* Amended Post Conviction Collateral Relief Act ("PCRA"), 6/29/15, at 3, 6 (unpaginated). David Rudenstein, Esquire, was then appointed to represent Appellant and on May 7, 2016, filed an amended PCRA petition and brief raising the same claims. After hearings on July 6, 2017, and May 21, 2018, the PCRA court filed a notice of intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, to which Appellant did not file a response. On June 22, 2018, the court dismissed the petition.

Appellant filed a timely notice of appeal. However, another panel of this Court noted that the PCRA court did not enter its June 22, 2018, order dismissing Appellant's petition on the docket. As such, there was no indication when the PCRA court's order was served upon the parties, or even that it was indeed served upon them. ***Commonwealth v. Wongus***, 2183 EDA 2018 (unpub. memo. at 2-3) (Pa. Super. Feb. 13, 2020), *citing* Pa.R.Crim.P. 907(4) ("When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail . . . of the right to appeal from the final order . . . and of the time limits within which the appeal must be filed."); Pa.R.Crim.P. 114(C)(2) (docket entries of court orders shall contain the date of receipt in the clerk's office, the date

- 4 -

appearing on the order, and the date of service). Because there was no final appealable order on the docket, this Court quashed the appeal as premature, and directed the clerk of courts to serve the order upon the parties in compliance with Rules 907(4) and 114(C). ***Id.*** at 3-4. This Court also stated Appellant had 30 days from the service of the dismissal order to file his appeal.[5] ***Id.*** at 4.

On August 24, 2021, the PCRA court filed an order stating "that the docket . . . shall reflect that the service of this [c]ourt's Order of Dismissal of

_____

[5] During this time, on February 4, 2021, Appellant filed a second PCRA petition. Appellant's Motion for Post Conviction Collateral Relief, 2/4/21. In this subsequent petition, he asserted that Attorney Rudenstein had passed away but prior to his death, he did not inform Appellant that this Court quashed his initial appeal. Appellant then requested new counsel. ***Id.*** at 3-4. Since Appellant's first PCRA petition was still pending because the PCRA court still had not complied with this Court's directive, the PCRA court was without jurisdiction to review the second petition.

In ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000), the Pennsylvania Supreme Court held "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Id.*** at 588. In ***Commonwealth v. Montgomery***, 181 A.3d 359 (Pa. Super. 2018), this Court clarified that the ***Lark*** rule — precluding consideration of a subsequent PCRA petition — applied only when a prior PCRA petition had been disposed of by the lower court and an appeal has been filed or could still be timely filed. ***Id.*** at 363-64. Moreover, this Court held that "PCRA courts have jurisdiction to consider multiple PCRA petitions relating to the same judgment of sentence at the same time so long as a prior petition is not under appellate review and, therefore, not yet final." ***Id.*** at 367.

Due to the unique procedural posture in the present case, and in the event the PCRA court has not disposed of Appellant's second petition, we remind the court to review the matter.

[Appellant's] PCRA Petition was mailed to [him] by certified mail/return receipt dated June 22, 2018." Order, 8/24/21. Appellant filed his notices of appeal on August 26, 2021, which was within 30 days of the PCRA court order. Accordingly, Appellant timely complied with the PCRA court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Before addressing Appellant's claims, we note that on October 7, 2021, this Court issued a Rule to Show Cause (RTSC), stating the PCRA court's June 22, 2018, dismissal still failed to comply with Rule 114(C)[6] and directed Appellant to explain why the appeal should not be quashed as interlocutory. Order, 10/7/21. Appellant responded: (1) the PCRA court issued an order on August 24, 2021, which was "clearly intended to comply" with this Court's prior memorandum; (2) he filed separate notices of appeal at each docket on August 26th; (3) the PCRA court's order substantially complied with this Court's directive and addressing the appeal "constitutes judicial economy[;]" (4) he contacted the PCRA court in an attempt to have them properly docket the dismissal, but "has limited control over the docketing matters" of the court; and (5) the Commonwealth would not be prejudiced should this appeal move forward on its merits. Appellant's Response to Order to Show Cause, 10/12/21, at 1-2.

---

[6] The RTSC noted the June 22nd docket entry failed to note service of the June 22nd order. Order, 10/7/21.

Though the PCRA court's order did not fully comply with this Court's prior directive, we agree with Appellant that it "intended" to comply. It is apparent that Appellant previously received the PCRA court's June 22, 2018, order since he filed a notice of appeal within 30 days — on July 23, 2018.[7] Likewise, most recently, the PCRA court entered an order on August 24, 2021, and Appellant filed timely notices of appeal on August 26th. Under existing case law, we may choose to overlook such deficiencies — that were not Appellant's fault — and find quashal inappropriate. ***See Commonwealth v. Carter***, 122 A.3d 388, 391 (Pa. Super. 2015) (where the clerk failed to note service on the docket, but the defendant filed an appeal within 30 days of the order, this Court treated the appeal as timely). Here, we will proceed to examine Appellant's claims under the theory that we "regard as done that which ought to have been done." ***See id.***

Appellant raises the following on appeal:

1. Did the PCRA court err in dismissing Appellant's PCRA Petition because prior direct appeal counsel was ineffective for failing to file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court and prior PCRA counsel was ineffective in a layered context for forgoing an evidentiary hearing without consultation with Appellant when the Commonwealth previously agreed to an evidentiary hearing on this issue?

---

[7] The thirtieth day fell on a Sunday, July 22, 2018. Thus, Appellant had until Monday, July 23, 2018, to file a timely appeal in each case. 1 Pa.C.S. § 1908 (when the last day of an appeal period falls on a Saturday or Sunday, it shall be omitted from the computation).

2. [Was] prior counsel ineffective and did Appellant suffer prejudice because prior counsel failed to preserve the issue regarding denial of Appellant's Motion for a Mistrial when Detective Louis Velazquez referenced Appellant's "prior contacts" with police implying Appellant's prior criminality and thereby depriving Appellant a fair trial?

3. Was prior PCRA counsel, David S. Rudenstein, Esquire, ineffective for failing to raise newly-discovered evidence relating to known corrupt former police officer Christopher Hulmes who lied in Appellant's case that Appellant had a gun and this prejudiced Appellant in all of his cases presently at issue?

Appellant's Brief at 4.

We first note the relevant standard of review:

In reviewing the grant or denial of PCRA relief, an appellate court considers whether the PCRA court's conclusions are supported by the record and free of legal error. . . . A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. . . .

**Commonwealth v. Flor**, 259 A.3d 891, 910 (Pa. 2021) (citations & quotation marks omitted).

"The PCRA's time restrictions are jurisdictional in nature, and a court may not entertain untimely PCRA petitions." **Commonwealth v. Burton**, 158 A.3d 618, 627 (Pa. 2017). Here, another panel of this Court affirmed Appellant's judgment of sentence on February 27, 2015. **Wongus**, 2357 EDA 2013. He did not file a petition for allowance of appeal. Thus, his judgment of sentence became final on March 29, 2015, when the 30-day period to seek review with the Supreme Court expired. 42 Pa.C.S. § 9545(b)(3). Appellant then had one year from that date to file a PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). Appellant filed a *pro se* PCRA petition on June 4, 2015, within the

- 8 -

one-year period. Attorney Rudenstein was appointed to represent Appellant on April 15, 2016. Order, 4/15/16. Thereafter, on May 7, 2016, Appellant filed an amended counseled petition. As such, Appellant's petition was timely filed, and we may proceed to address his claims on the merits.

Where a petitioner's claims raise allegations of prior counsel's ineffectiveness, the law presumes counsel has been effective and it is the responsibility of the appellant to demonstrate otherwise. ***See Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. 2018).

> Appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

***Id***. (citations and quotation marks omitted). Further, the Pennsylvania Supreme Court has stated "a petitioner [may] raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." ***Commonwealth v. Bradley***, 261 A.3d 381, 405 (Pa. 2021).

In his first argument, Appellant avers direct appeal counsel was ineffective where he failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court, amounting to ineffectiveness *per se*. Appellant's Brief at 9, 12-13. Further, he contests that: (1) an evidentiary hearing was held on July 6, 2017, discussing the matter; (2) that Attorney

Fishman was his direct appeal counsel — instead he asserts that only Todd Mosser, Esquire, represented him at the time; and (3) that Attorney Fishman testified at the hearing that Appellant did not request a petition for allowance of appeal. *Id.* at 14. Appellant also includes in his argument an assertion that PCRA Counsel Rudenstein was ineffective "in a layered context for foregoing an evidentiary hearing without" consulting Appellant. *Id.* at 9.[8]

This Court has previously explained:

> [T]he unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se* and. . . an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness.
>
> \* \* \*
>
> On the other hand, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." Clearly, if a request to file a direct appeal is necessary to sustain an ineffectiveness claim based upon the failure to file a direct appeal, then such a request is also necessary where the alleged ineffectiveness is the failure to file a petition for allowance of appeal.

*Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa. Super. 2006) (citations omitted).

---

[8] Preliminarily, we note that Appellant raises PCRA Counsel Rudenstein's ineffectiveness for the first time in his appellate brief. Though he did not preserve this claim before the PCRA court, we may address this facet of his argument under *Bradley*. *See Bradley*, 261 A.3d at 405. As such, we will review this claim on its merits.

Here, the PCRA court concluded Appellant failed to demonstrate that he requested Attorney Fishman file a petition for allowance of appeal on his behalf with the Pennsylvania Supreme Court. PCRA Ct. Op. 1/5/22, at 6. Specifically, it stated:

> [A]t the evidentiary hearing held on this issue, [Attorney Fishman] testified credibly that he sent a letter to Appellant on February 27, 2015[,] specifically advising him of his right to seek allocator and he [received] no response[.] The text of the letter instructed Appellant that his appeal to the Superior Court had been denied and that he had 30 days to file a petition [with] the Supreme Court. According to [Attorney Fishman], the letter was sent by regular mail to Appellant and electronically to Appellant's brother with whom he had been in contact. [Attorney Fishman] received no reply from either of them, nor was the letter returned to him as being undelivered.

*Id.* at 6-7.

We agree with the PCRA court's conclusion. Contrary to Appellant's argument, there was a hearing on July 6, 2017, where PCRA Counsel Rudenstein represented Appellant. Upon review of the transcripts from that hearing, Attorney Fishman did testify to the above-mentioned statements. *See* N.T. Hearing Vol. 1, 7/6/17, at 5-6. We acknowledge Appellant's assertion that Attorney Mosser, **not** Attorney Fishman, was representing him at this juncture. It appears that both attorneys represented Appellant on direct appeal, with Attorney Mosser entering his appearance on March 27, 2014. *See* Entry of Appearance, 3/27/14. The record does not reflect that Attorney Fishman withdrew his appearance, but, instead, that he was listed as co-counsel alongside Attorney Mosser. *See* Appellant's Statement of

Matters Complained of on Appeal, 3/27/14 (listing both attorneys as counsel of record); Trial Ct. Op. 4/23/14, Proof of Service (forwarding the trial court's Rule 1925(b) opinion to Attorney Fishman).

Further, it merits mention that in his initial *pro se* PCRA petition and *pro se* amended petition, Appellant listed Attorney Fishman as appellate counsel responsible for filing any purported Supreme Court appeal. **See** Appellant's *Pro Se* Petition under Post Conviction Collateral Relief Act, 6/4/15, at 2; Appellant's *Pro Se* Amended Post Conviction Collateral Relief Act ("PCRA"), 6/29/15, at 3. Moreover, it was Appellant's burden to call direct appeal counsel to testify at the July 6th hearing and he called Attorney Fishman, not Attorney Mosser.

Appellant has not demonstrated that he requested a petition for allowance of appeal, or that PCRA Counsel Rudenstein forewent an evidentiary hearing. N.T. 7/6/17, at 3-5. Therefore, his claims are meritless and as such, no relief is due. **See Johnson**, 179 A.3d at 1158; **Bath**, 907 A.2d at 622.

Appellant next argues both Trial Counsel Hinrichs and both appellate counsels were ineffective for "failing to preserve and argue" the denial of the motion for mistrial when Detective Velazquez's testimony deprived him of a fair trial. Appellant's Brief at 15. Relevant to this claim, we note the Commonwealth presented the testimony of Detective Velazquez at trial. In relevant part, the Detective stated that he was investigating a robbery that occurred at a parking lot on 16th and Pine Streets in Philadelphia. N.T. Trial (Jury) Vol. 1, 4/25/13, at 200. After speaking to the victim of this particular

J-S22029-22

robbery, reviewing surveillance video from the parking lot, and speaking with another detective investigating the string of parking lot robberies, Detective Velazquez believed Appellant was the perpetrator. *Id.* at 201-02, 205-08, 215. While explaining how he came to suspect Appellant, the following exchange occurred:

> [Commonwealth: D]id you develop a suspect based upon the totality of these cases?
>
> [Detective Velazquez]: We did.
>
> [Commonwealth]: Who did you develop as a suspect?
>
> [Detective Velazquez: Appellant.]
>
> [Commonwealth]: And what primarily was that based upon?
>
> [Detective Velazquez]: Based on **prior contacts**.
>
> [Trial Counsel Hinrichs]: Objection.
>
> [Detective Velazquez]: Not prior contacts, just —
>
> [Trial court]: Sustained. The jury will disregard that last answer. Do you want to ask the question again[?]
>
> [Commonwealth]: Yes. . . . Based upon your information that you had as a part of the entire case; correct?
>
> [Detective Velazquez]: Correct.

*Id.* at 215-16 (emphasis added). The next morning, Trial Counsel Hinrichs made an oral motion for mistrial based on this testimony. N.T. Trial (Jury) Vol. 1, 4/26/13, at 3. The trial court denied the motion, concluding it sustained Counsel's objection the day prior, instructed the jury to disregard the statement, and the detective's "fleeting comment" did not justify a mistrial. *Id.* at 3-4.

- 13 -

On appeal, Appellant maintains that Trial Counsel Hinrich's untimely motion prejudiced him by depriving him of a fair trial, and that Appellate Counsels were ineffective for failing to argue the claim on appeal. Appellant's Brief at 15, 17. While Appellant acknowledges the trial court gave an instruction to the jury to disregard the comment, he maintains that "[e]ven when an immediate instruction is given, it is not always clear that the prejudicial impact" was removed. *Id.* at 16-17.

Preliminarily, we note that a motion for mistrial "shall be made when the [prejudice] is disclosed." Pa.R.Crim.P. 605(b). A mistrial is an "extreme remedy [that] must be granted only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial." *Commonwealth v. Bracey*, 831 A.2d 678, 682 (Pa. Super. 2003) (citation omitted). A trial court "may remove taint caused by improper testimony through curative instructions" and "must consider all surrounding circumstances before finding that curative instructions were insufficient and the extreme remedy of a mistrial is required." *Id.* (citations omitted). Lastly, jurors are presumed to have followed the trial court's instructions. *Commonwealth v. Talbert*, 129 A.3d 536, 542 (Pa. Super. 2015).

Here, the PCRA court concluded Appellant's ineffectiveness claim is unavailing. Specifically, it opined:

> [The trial court] sustained [Trial Counsel Hinrichs'] objection and immediately instructed the jury to disregard Detective Velazquez's misstatement, which he retracted after the objection was sustained. Since the jury is presumed to have followed [the court's] instruction, no mistrial would have been warranted.

> Beyond that, it is flatly inconceivable that the detective's fleeting reference to Appellant's prior contacts with police, which he immediately corrected and which the [c]ourt instructed the jury to disregard, had the unavoidable effect of depriving Appellant of a fair trial.

*Id.* at 9 (citation omitted). We agree.

Even though Trial Counsel Hinrichs did not timely move for a mistrial, we still conclude this argument is meritless. Counsel objected at the time of the testimony, which the trial court sustained. The court then provided a curative instruction to the jury. At the conclusion of trial, the jury found Appellant not guilty of several charges, which demonstrates that the instruction was effective. The next day, when Counsel made an oral motion for mistrial, the trial court denied it on the following substantive bases: (1) the trial court already sustained Counsel's objection to the testimony; (2) the detective corrected his statement; (3) the court instructed the jury to disregard the statement; and (4) one comment regarding "prior contacts" did not rise to the level of prejudice required to grant a mistrial. *See* PCRA Ct. Op. at 9.[9] Accordingly, because the trial court's denial was not based on the motion's untimeliness, the underlying claim that Appellant was denied a fair trial due to Counsel's failure is meritless.

Moreover, we reiterate that the jury found Appellant not guilty of several charges at trial. Based on the jury's verdict, the detective's statement was

---

[9] Even if the motion was timely, there was no reasonable basis for Trial Counsel to believe the trial court would also grant his motion for mistrial based on the same claim.

not so prejudicial to overcome the court's curative instruction as a sufficient remedy. Appellant has not established each prong of the ineffectiveness test, and as such, he cannot show that counsel was ineffective for failing to raise a timely objection. *See Johnson*, 179 A.3d at 1158; *Bracey*, 831 A.2d at 682. No relief is due.

In his final claim, Appellant argues prior PCRA Counsel Rudenstein was ineffective for failing to argue that Officer Hulmes was a "corrupt police officer" who gave false testimony at trial. Appellant's Brief at 17. By way of background, the Commonwealth presented the testimony of Officer Hulmes, who stated, that on April 28, 2011, he was doing surveillance in the area of 2800 North 7th Street. N.T. Trial (Jury) Vol. 1, 4/24/13, at 143. While there, he observed Appellant exit a vehicle and interact with two individuals before getting back in the car and leaving. *Id.* at 144. Officer Hulmes directed other officers to stop Appellant's vehicle, but Appellant fled the area "at a high rate of speed." *Id.* at 144-45. A few minutes later, Appellant returned to the area in the vehicle. *Id.* at 149. The Commonwealth asked Officer Hulmes what happened next, and the following exchange occurred:

> [Officer Hulmes:] He jumped out of the vehicle and started to run southbound. The two individuals he had an interaction with were saying, ["]Yo, what are you doing? What is going on?["] At that point, [Appellant] says, ["]The cops are chasing me. I got to go. I got a gun.["] And he grabbed his hip and ran southbound down the street[.] I called backup officers in as soon as I heard [Appellant] say, I got a gun.
>
>          \*     \*     \*

[Commonwealth]: Now you say you heard [Appellant] say that he had a gun?

[Officer Hulmes]: The first thing he said when the two individuals said, ["]Yo, what are you doing?["]  He said, ["]I got to go.  The cops are chasing me.  I got a gun on me.["]

[Commonwealth]: Did he say gun or use street slang?

[Officer Hulmes]: He didn't use street slang.  He said, ["]Gun on my hip.["]

*Id.* at 149, 151.  Officer Hulmes stated that officers did not recover a gun from the surrounding area.  *Id.* at 151-52.

Turning to Appellant's argument, he maintains that he raised this claim in his *pro se* petitions and PCRA Counsel Rudenstein should have raised the claim as after-discovered evidence.[10]  Appellant's Brief at 17.  Appellant insists that: (1) Officer Hulmes "falsely stated that Appellant had a gun in a stolen vehicle[,]" which impacted "all" of his charges at trial; (2) he received several not guilty verdicts at trial, supporting his assertion that Officer Hulmes'

_____

[10] We note that at times in his brief, Appellant appears to conflate the concepts of **newly**-discovered evidence and **after**-discovered evidence.  ***See Commonwealth v. Williams***, 244 A.3d 1281, 1289 n.20 (Pa. Super. 2021) (stating that a **newly**-discovered evidence claim — defined under Section 9545(b)(1)(ii) of the PCRA — is a jurisdictional threshold and does not require a merits analysis, whereas an **after**-discovered evidence assertion — Section 9543(a)(2)(vi) under the PCRA — is a substantive claim alleging the unavailability of exculpatory evidence at the time of trial that would have changed the outcome at trial if introduced).  Here, we are not concerned with a jurisdictional question because Appellant's petition was timely filed; therefore, our analysis pertains to a substantive after-discovered evidence claim.

testimony was not reliable; and (3) the Superior Court "has referenced [the officer's] pattern of corruption" multiple times.[11]  *Id.* at 18, 23-24.

Under the PCRA, a petitioner is eligible for relief if they can plead and prove that their conviction resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."  42 Pa.C.S. § 9543(a)(2)(vi).  To grant relief on the basis of after-discovered evidence, an appellant must demonstrate all four of the following factors:

> [T]he new evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citation omitted).

The PCRA court concluded PCRA Counsel Rudenstein was not ineffective for failing to raise this claim.  The court stated that the testimony of the two robbery victims in addition to the other evidence presented at trial was "more than sufficient" to sustain his convictions without Officer Hulmes' testimony.  PCRA Ct. Op. at 11.  Further, because the officer's statement referenced Appellant's purported possession of a gun, it noted that Appellant was not convicted of any possessory offenses demonstrating that "[c]learly[,] the jury

---

[11] Preliminarily, we note that Appellant raises this claim of PCRA Counsel's ineffectiveness for the first time on appeal.  Pursuant to *Bradley*, we may address this claim as it is the earliest opportunity for him to have done so. *See Bradley*, 261 A.3d at 405.

was not persuaded that Appellant was in possession of a firearm[.]" **Id.** at 10-11. Lastly, the court stated Appellant's bald assertion based upon a newspaper article[12] "falls woefully short" of material facts that would support an after-discovered evidence claim. We agree.

Appellant's assertions do not meet the requirements of after-discovered evidence because he failed to demonstrate that a different verdict would have resulted. **See Small**, 189 A.3d at 972. As the PCRA court noted, Appellant was not convicted of any firearms offenses with which he was charged. One could reasonably infer that Officer Hulmes' testimony did not convince the jury that Appellant was in possession of a gun. Further, there was additional evidence — outside of the officer's testimony — regarding his other crimes, which the jury found to be credible. **See Commonwealth v. Priest**, 18 A.3d 1235, 1239 (Pa. Super. 2011) (factfinder is free to believe all, part, or none of the evidence). As Appellant's assertions that Officer Hulmes lied during his testimony at trial are baseless, PCRA Counsel Rudenstein cannot be deemed ineffective for failing to raise this issue. **Commonwealth v. Harris**, 852 A.2d

---

[12] The PCRA court references a "*Citypaper* article published on August 28, 2014." PCRA Ct. Op. at 11. Appellant attached the article to his *pro se* PCRA petitions but does not rely upon this information in his appellate brief. The article stated that Officer Hulmes was charged with perjury and related offenses after "lying in court and on search-warrant paperwork" regarding an unrelated 2010 drug case. Appellant's *Pro Se* Petition under Post Conviction Collateral Relief Act, 6/4/15, Exh. B. Appellant does not allege there is any connection between the 2010 drug case and the present matter.

1168, 1173 (Pa. 2004) (counsel not ineffective for failing to raise a meritless claim). No relief is due.[13]

As Appellant has failed to establish that any of his prior counsels were ineffective or that the PCRA court erred in dismissing his petition, he is not entitled to relief. *See Flor*, 259 A.3d at 910.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/01/2023

_____

[13] In his argument, Appellant asserts that this Court has "referenced [Officer] Hulmes' pattern of corruption in multiple" memoranda. Appellant's Brief at 23, *citing Commonwealth v. Hunter*, 1750 EDA 2015 (unpub. memo.) (Pa. Super. May 30, 2017), and *Commonwealth v. Friedland*, 133 EDA 2016 (unpub. memo.) (Jan. 12, 2017). This is incorrect. Neither *Hunter* nor *Friedland* referenced any "pattern of corruption" on the part of Officer Hulmes, but instead, stated that Officer Hulmes was not involved in the matters. *See Hunter*, 1750 EDA 2015 (unpub. memo. at 3, 7) (stating Officer Hulmes was not involved in this case and any alleged wrongdoing had no impact on the defendant); *Friedland*, 133 EDA 2016 (unpub. memo. at 13-14) (questioning another officer about investigations where he worked under Officer Hulmes was not permitted because it was irrelevant to the present charges).

Appellant has failed to demonstrate how this Court's mention of Officer Hulmes in two unrelated matters supports his contention that the officer made false statements in the case at issue.