**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM ANTHONY DIAMOND JR. | : | |
| | : | |
| Appellant | : | No. 991 WDA 2022 |

Appeal from the PCRA Order Entered August 10, 2022
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000533-2017

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                    **FILED: August 17, 2023**

Appellant, William Anthony Diamond Jr., appeals from the order entered on August 10, 2022, which dismissed his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On December 14, 2017, Appellant pleaded guilty to the following charges:  at Docket Number CP-61-CR-0000488-2017 (hereinafter "Docket Number 488"), Appellant pleaded guilty to rape of a child;[1] at Docket Number CP-61-CR-0000533-2017 (hereinafter "Docket Number 533"), Appellant pleaded guilty to unlawful restraint, unlawful contact with a minor, and corruption of minors;[2] and, at Docket Number CP-61-CR-0000740-2017 (hereinafter "Docket Number 740"), Appellant pleaded guilty to attempted

---

[1] 18 Pa.C.S.A. § 3121(c).

[2] 18 Pa.C.S.A. §§ 2902(a)(1), 6318(a)(1), and 6301(a)(1)(i), respectively.

rape of a child.[3]  On April 6, 2018, the trial court sentenced Appellant to serve an aggregate term of 27 to 87 years in prison for his convictions.  **See** N.T. Sentencing, 4/6/18, at 35.  Appellant did not file a direct appeal from his judgment of sentence.

On January 14, 2020, Appellant filed a *pro se* PCRA petition at all three docket numbers and, on January 17, 2020, the PCRA court appointed counsel to represent Appellant during the collateral proceedings.  On February 14, 2020, counsel filed an amended petition on Appellant's behalf.  Within the amended petition, Appellant claimed that his trial counsel was ineffective because:

> a) [trial counsel] did not go over the police reports with him;
> b) [Appellant] never read the police reports[,] was not offered an "offense specific evaluation," together with a polygraph test, or a mental health evaluation in regard to these charges and his ability to aid in his own defense . . . ;
> c) [Appellant] was assured that he would only receive a 7-10 year sentence from the [trial court] if he pled guilty[;] d) [trial counsel] did not file an appeal in his case as directed by him . . . ; and e) [Appellant's] history of abuse, mental health issues and disabilities were not properly explored or brought to the [trial court's] attention.

Amended PCRA Petition, 2/14/20, at 1-2.

On October 5, 2021, the PCRA court finally dismissed Appellant's petition at Docket Number 488.  **See** PCRA Court Order, 10/5/21, at 1. Further, on March 7, 2022, the PCRA court provided Appellant with notice at

---

[3] 18 Pa.C.S.A. § 901(a).

Docket Numbers 533 and 740 that it intended to dismiss these petitions in 20 days, without holding a hearing. **See** PCRA Court Order, 3/7/22, at 1; **see also** Pa.R.Crim.P. 907(1).

On August 10, 2022, the PCRA court finally dismissed Appellant's PCRA petition at Docket Number 533 and, on August 31, 2022, the PCRA court finally dismissed Appellant's PCRA petition at Docket Number 740. Appellant filed timely notices of appeal at all three docket numbers.[4] Appellant raises one claim on appeal:

---

[4] Appellant filed his notices of appeal at all three docket numbers on August 25, 2022. The notice was facially timely at Docket Number 533, facially untimely at Docket Number 488, and facially premature at Docket Number 740.

With respect to Docket Number 488, the PCRA court entered its final order dismissing Appellant's petition on October 5, 2021. Nevertheless, the clerk of courts failed to note, on the docket, the date upon which the order was served upon Appellant's attorney. This constitutes a breakdown in the operation of the courts and renders Appellant's August 25, 2022 notice of appeal timely. To be sure, Pennsylvania Rule of Criminal Procedure 114(B)(1) requires the clerk of courts to serve promptly a copy of any trial court order or notice on each party's attorney-of-record or the party if unrepresented. Pa.R.Crim.P. 114(B)(1). To memorialize that proper service of a trial court order or notice was provided, Rule 114(C)(2)(c) requires the clerk of courts to note, *via* a docket entry, the date of service of such trial court order or notice. Pa.R.Crim.P. 114(C)(2)(c). It is well-settled that the appeal period only begins to run on the date the clerk of courts mails or delivers a copy of the trial court order or notice to the parties. Pa.R.A.P. 108(a)(1), (d), and Note (stating, the purpose of this rule is to fix that date from which the time for appeal shall be computed); **see also Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa. Super. 2015) (stating that, the "appeal period only begins running on the date the [clerk of courts] mails or delivers copies of the orders to the parties" (original quotation marks omitted)), **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000).
*(Footnote Continued Next Page)*

>    Did the [PCRA] court err in dismissing this matter for lack of
>    timeliness under the [PCRA]?

Appellant's Brief at 3.

"As a general proposition, we review a denial of PCRA relief to determine

whether the findings of the PCRA court are supported by the record and free

of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014).

_____

Because the PCRA court docket does not contain the entry information prescribed by Rule 114, we are unable to discern the date upon which the clerk of courts served Appellant with a copy of the October 5, 2021 dismissal order. A breakdown in the judicial system occurs if the clerk of courts fails to note on the docket the date upon which a trial court order or notice has been served upon a party. ***Jerman***, 762 A.2d at 368 (finding a breakdown in the judicial system and deeming the appeal timely when the clerk of courts failed to serve a copy of an order on the party). As a result of this breakdown, the period in which Appellant may file a notice of appeal has not begun to run. Therefore, we deem Appellant's notice of appeal to be timely filed on August 25, 2022.

As to Docket Number 740 (where Appellant filed a premature notice of appeal), we find that this notice of appeal was also timely filed. On August 10, 2022, the PCRA court finally dismissed Appellant's PCRA petition at Docket Number 533. Believing that his PCRA petitions at all three docket numbers were dismissed, Appellant filed notices of appeal at all three docket numbers on August 25, 2022. Further, the PCRA court also believed that its August 10, 2022 order dismissed both of Appellant's outstanding petitions because, when the PCRA court finally dismissed Appellant's petition at Docket Number 740, the PCRA court declared that its failure to list Docket Number 740 on the August 10, 2022 order was "due to [a] scrivener's error." ***See*** PCRA Court Order, 8/31/22, at 1. Therefore, as to Docket Number 740, since all entities believed that the August 10, 2022 order finally dismissed Appellant's petition at Docket Number 740, we will treat Appellant's August 25, 2022 notice of appeal "as filed after [the] entry" of the August 31, 2022 order, which finally dismissed Appellant's petition at Docket Number 740. ***See*** Pa.R.A.P. 905(a)(5) ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

Before this Court may address the substance of Appellant's claims, we must first determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

*See Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotation marks and some citations omitted).

The trial court sentenced Appellant on April 6, 2018 and Appellant did not file a notice of appeal. Thus, Appellant's judgment of sentence became final at the end of the day on Monday, May 7, 2018. *See*, *e.g.*, Pa.R.A.P. 903(a); *see also* 1 Pa.C.S.A. § 1908 (computation of time). Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until May 7, 2019 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also* 1 Pa.C.S.A. § 1908 (computation of time). Therefore, Appellant's current petition, which was filed on January 14, 2020, is patently untimely and the burden thus fell upon Appellant to plead

- 5 -

and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not attempt to plead a valid statutory exception to the PCRA's one-year time-bar. Thus, since Appellant's PCRA petition is manifestly untimely and Appellant did not plead any of the statutory exceptions to the one-year time-bar, our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). We, therefore, affirm the PCRA court's order, which dismissed Appellant's PCRA petition without a hearing.[5]

Order affirmed. Jurisdiction relinquished.

_____

[5] On appeal, Appellant does not claim that the PCRA court erred when it dismissed his petition at Docket Number 488 without issuing a Rule 907 notice. Appellant has thus waived any such claim on appeal. **See Commonwealth v. Taylor**, 65 A.3d 462, 467 (Pa. Super. 2013) ("[t]he failure to challenge the absence of a Rule 907 notice constitutes waiver"); **Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa. Super. 2007) ("[a]lthough the notice requirement set forth in Rule 907 has been held to be mandatory, Appellant has not objected to its omission and thereby has waived the issue") (citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/17/2023</u>