J-S01007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL J. ROBINSKY | : | |
| | : | |
| Appellant | : | No. 619 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 28, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001474-2021

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: MARCH 21, 2024**

Michael J. Robinsky appeals from the judgment of sentence entered following his guilty plea to unlawful contact with a minor. On appeal, Robinsky challenges the discretionary aspects of his sentence. We affirm.

On September 12, 2022, Robinsky entered a guilty plea to one count of unlawful contact with a minor. Pursuant to a plea agreement, the Commonwealth agreed to withdraw all other charges, and Robinsky consented to defer sentencing in order to undergo an assessment by the Pennsylvania Sexual Offenders Assessment Board ("SOAB").

On December 15, 2022, the trial court sentenced Robinsky to twenty-four to eighty-four months' incarceration, with credit for time served. The trial court ordered Robinsky to register as a tier II sexual offender.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On December 21, 2022, Robinsky filed a timely post-sentence motion for reconsideration of sentence. A week later, the trial court entered an amended sentencing order to properly reflect the grading of the offense from a felony of the second-degree to a felony of the first-degree.[1] The order did not address the post-sentence motion.

On April 24, 2023, Robinsky filed a notice of appeal before the trial court ruled on his post-sentence motion but after the 120-day deadline for entry of an order denying post-sentence motion by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a). The trial court entered an order directing Robinsky to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Robinsky timely complied. The trial court thereafter issued an opinion pursuant to Pa.R.A.P. 1925(a).

Subsequently, this Court entered an order directing Robinsky to show cause as to why the instant appeal should not be quashed as having been taken from an unappealable order. **See Commonwealth v. Claffey**, 80 A.3d 780, 783 (Pa. Super. 2013) (noting an appeal filed while post-sentence motion is pending is premature); **see also** Pa.R.Crim.P. 720 cmt ("No direct appeal may be taken by a defendant while his or her post-sentence motion is pending."). Further, we directed that if Robinsky files a *praecipe* with the trial court for entry of an order denying post-sentence motions by operation of law,

---

[1] During the guilty plea hearing, the court granted, without objection, an oral motion by the Commonwealth to amend the grading of the offense as a first-degree felony. **See** N.T., Guilty Plea Hearing, 9/12/22, at 2.

he must apprise this Court of such motion in writing. **See** Order, 6/28/23. Robinsky filed a response, attaching a "Praecipe for Entry of Order Denying Post Sentence Motions by Operation of Law", that was filed in the trial court on July 7, 2023. On that same date, the trial court judge signed the praecipe.

The praecipe appears in the certified record and bears the trial court judge's signature, as well as a time stamp from the clerk of courts. However, a review of the record indicates an order was never subsequently entered officially denying the post-sentence motion by operation of law. Due to a clear breakdown in court operations, "we shall regard as done that which ought to have been done," specifically that the clerk should have entered an order denying the post-sentence motion by operation of law on the docket. **See Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa. Super. 2015) (regarding as done that which ought to have been done where clerk of courts failed to note service of order denying post-sentence motion by operation of law in violation of Pa.R.Crim.P. 114(C)(2)); **see also Commonwealth v. Howard**, 659 A.2d 1018, 1021 n.12 (Pa. Super. 1995) (reaching merits of claim and holding "we shall regard as done that which ought to have been done," where post-sentence motion was denied by operation of law, clerk of courts failed to enter an order, and appellant filed notice of appeal within 30 days of denial). Accordingly, we will proceed to reach the merits of this appeal.

Robinsky contends the trial court abused its discretion in sentencing him to the high end of the standard range without considering (1) Robinsky's remorse, (2) that the Commonwealth did not object to a mitigated range

sentence, and (3) Robinsky's addictions at the time of the current offense. *See* Appellant's Brief, at 1. This is a challenge to the discretionary aspects of sentencing. We review discretionary sentencing challenges with great deference to the sentencing court:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted). However, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

To invoke this Court's jurisdiction over this issue, Robinsky must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

- 4 -

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Robinsky preserved his issues through a timely post-sentence motion and filed a timely appeal. Further, counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Robinsky has raised a substantial question. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f).

Robinsky "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012).

Finally,

a Rule 2119(f) statement that simply "contains incantations of statutory provisions and pronouncements of conclusions of law" is inadequate.

> Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Commonwealth v. Bullock*, 868 A.2d 516, 529 (Pa. Super. 2005) (citations omitted).

Robinsky's 2119(f) statement, consisting of only two sentences, merely paraphrases Robinsky's statement of issues presented. *See* Appellant's Brief, at 3. Robinsky failed to include in this statement any specific, articulable reasons why his sentence raises doubts that the sentencing scheme as a whole has been compromised. As pointed out by the Commonwealth, Robinsky does not contend the court was not aware of his remorse or his addiction. Rather, Robinsky simply argues that the court failed, or "refused" to consider these factors sufficiently. Further, Robinsky does not assert his sentence is excessive. Rather, the essence of Robinsky's Rule 2119(f) statement is that the court should have imposed a lesser sentence after considering the available information.

"[A]n allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors is, in effect, a request that this Court substitute its judgment for that of the lower court in fashioning [an appellant]'s sentence." *Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002). Such an allegation does not raise a substantial question. Although we

could dismiss this appeal on the lack of a substantial question alone, out of caution and respect for the rights of the appellant we reviewed the record to better understand the details of the trial court's decision in sentencing.

Even if Robinsky had raised a substantial question for this Court's consideration, we would find no abuse of discretion. As Robinsky admits, his sentence is within the standard range of the sentencing guidelines. Also, contrary to Robinsky's representation that the trial court failed to consider his remorse and addiction when fashioning his sentence, the trial court makes clear that this information was included in the mitigation report. The trial court considered all relevant information, including reviewing the SOAB report, a mitigation report, and a PSI. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992).

The trial court also explained its reasons for its sentence on the record. The trial court indicated it was troubled by Robinsky's "minimization" of his conduct to the sexual offender interviewer. *See* N.T., Sentencing Hearing, 12/15/22, at 5-6. Counsel did not contradict the trial court's interpretation of the interview. If the court had misinterpreted the interview, it was incumbent upon counsel to call this to the trial court's attention. In addition, in asking for a mitigated sentence, counsel listed numerous factors to consider, but did not include addiction as one of those factors. A review of the record shows that Robinsky also did not raise the effect of his addiction on the commission of the offense, despite taking the opportunity to speak on his own behalf during the hearing.

Robinsky is essentially asking this Court to reweigh the sentencing factors presented to the sentencing court to impose a lesser sentence; this we cannot do. *See Griffin*, 804 A.2d at 9 (citing *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989)).

As the trial court had the benefit of a PSI, combined with the court's consideration of the mitigation report, sentencing guidelines, and seriousness of the offense, we conclude that it considered all relevant sentencing factors. Robinsky has failed to establish the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. As we find Robinsky's issues on appeal merit no relief, we also affirm the judgment of sentence on this basis.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2024